[No. 36426. Department Two. December 5, 1963.]

LYLE D. ANDERSON et al., *Appellants*, v. GLEN BLOSSOM et al.,
*Respondents.**

*Wallace & Fraser*, for appellants.

*Bryan & Bryan* and *Hoof, Shucklin & Harris*, for respondents.

PER CURIAM.—This lawsuit was instituted under the provisions of RCW 64.12, alleging an intentional trespass involving the cutting of timber, and seeking to collect treble damages. Defendants' answer denied the allegations of the complaint, and cross-claimed for relief quieting title to the land in question, pursuant to the provisions of RCW 7.28.010. After trial to a jury, judgment was entered dismissing plaintiffs' complaint, with prejudice, and quieting title in accordance with the cross-claim of the defendants. This appeal followed.

The assignments of error raised two questions: (1) Whether there is evidence in the record to support the finding of the jury that the boundary between the plaintiffs' and the defendants' parcels of land had been determined

*Reported in 387 P. (2d) 507.

by agreement between the owners, prior to the acquisition of title by plaintiffs to their particular parcels of land. (2) Whether the trial court lacked jurisdiction to fix the boundaries and to quiet title to the land in question because defendants were only beneficial owners of the property in question, title thereto being held in trust by the United States Government for the defendants.

 The trial judge, The Honorable Frank W. Ryan, of the Superior Court for Kitsap County, filed a carefully prepared written memorandum opinion in this case. In substantial part it reads:

"Following a jury verdict favorable to the defendants, the plaintiffs have moved for judgment notwithstanding the verdict and for a new trial limited to the issue of damages only, or in the alternative for a new trial as to all the issues.

"The record in this case is replete with arguments between counsel relative to various points of law involved. There were seven pre-trial briefs filed, and following presentation of the matters now pending, five further briefs were filed by counsel.

"I have carefully reexamined the testimony introduced during the trial, the file, and all of the briefs presented by counsel. In view of the conclusion which I feel I must reach, I think it is needless to comment on all of these in detail.

"A motion for judgment notwithstanding the verdict involves no element of judicial discretion and may be granted only if the court can say as a matter of law that there is neither evidence nor reasonable inference from the evidence to sustain the verdict. *Hines v. Cheshire*, 36 Wn. (2d) 467.

"In passing on such a motion, the court must accept as true all competent evidence favorable to the party against whom the motion is made and must also give it the benefit of every favorable inference reasonably to be drawn from such evidence. *Wilcoxen v. Seattle*, 32 Wn. (2d) 734.

"As to a motion for new trial on the ground that the evidence is insufficient to justify the verdict, the granting or denying of such motion is within the discretion of the trial court where the evidence is in conflict. *Wilcoxen v. Seattle, supra.*

"The jury's verdict in the present case shows without question that the jury found there was an agreed property

line between the parties and rejected the testimony of surveyors for both plaintiffs and defendants.

"The court gave the following instruction to the jury:

" 'You are instructed that it is perfectly competent for parties owning adjacent lands to settle, by agreement, where the division line shall be.

" 'Where parties owning adjacent tracts of land mutually agree upon the dividing line and stipulate it as between themselves, and afterwards occupy according to such line, then it is wholly immaterial where a survey puts the line, as each party is bound by his agreement.

" 'And in determining whether there was such an agreement, and establishing of the line, it is competent for the jury to take into consideration the acts and statements of the parties, the acts done by each, and the improvements by them under such alleged agreement, if any such are apparent, together with all the other evidence and facts and circumstances provided during the trial.'

"This instruction was not only not objected to by the plaintiffs but varies very little from one of the instructions requested by them. Such instruction became the law of the case. *Holmes v. Toothaker,* 52 Wn. (2d) 574; *Seattle v. Harclaon,* 56 Wn. (2d) 596.

"The briefs submitted by counsel on the present motions are devoted in large measure to arguments relative to the facts as shown by the testimony at the time of trial.

"Both plaintiffs and defendants are in accord with the proposition that an agreement between parties or their predecessors in title as to boundary is a jury question. The plaintiffs contend, however, that there is no credible evidence sufficient to support such an agreement. On the other hand, the defendants argue and cite testimony which they urge adequately does support such an agreement. The very nature of the arguments submitted by counsel in their briefs would seem to clearly point out the differences of opinion as to what facts were shown during the trial. In effect, then, the court is now asked to make a decision of fact rather than law, and this in the face of conflicting testimony.

"Although I have carefully noted the citations of legal authority in these briefs, I do not believe there is any serious conflict relative to the principles of law involved. I must conclude that there was sufficient evidence here for the jury to reach the verdict it did, and it is not within the province of the court to disturb this verdict under such circumstances."

Finding no merit in the first question raised by appellants' assignment of error, we adopt the well-written memorandum opinion of the trial judge, as set out above, as dispositive of the first phase of this appeal.

Now as to the second phase of the appeal; namely, that the defendants were only beneficial owners of the land in question, that the United States Government (holding title in trust for the benefit of the defendants) was not made a party to the action, and, consequently, that the trial court was without jurisdiction to quiet title as between the plaintiffs and the defendants in this proceeding, we refer to the *applicable* statutory provisions: RCW 7.28.010,

*"Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court* of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, *and may have judgment in such action quieting or removing a cloud* . . ." (Italics ours.)

The jurisdictional arguments of appellant, based upon the provisions of RCW 58.04.010, are not pertinent, as the language of RCW 7.28.010 is without question broad enough to support the counterclaim of the defendants and the judgment of the trial court quieting title in them. *Bird v. Winyer* (1901), 24 Wash. 269, 64 Pac. 178.

We find no merit in appellants' assignments of error. The judgment of the trial court is affirmed.