[No. 37908.    Department One.    December 9, 1965.]

LOUIS S. ALLEN, *Respondent,* v. THE B. F. GOODRICH CO., *Appellant.**

*Read, Church & Kleweno,* for appellant.

*Everal Carson,* for respondent.

PER CURIAM. —This is an appeal from a judgment in the sum of $8,650, awarded in a personal injury action. Appellant admits that liability was established, but asserts that the judgment was excessive.

The evidence establishes that respondent, as a customer in appellant's store on September 13, 1961, was injured when struck on the head by a heavy carton containing a poker table, which fell as the store manager was removing it from a shelf.

As a direct result of this injury, the respondent was hospitalized for 4 days and lost 11 days of work. After 6 months of therapy, the doctor released him from further treatment as substantially recovered, although he still suffered some pain. Seven months later, the respondent

*Reported in 408 P.2d 900.

suffered a further injury when an automobile transmission fell on his back while he was working under the vehicle.

■ The appellant assigns error to the alleged misconduct of opposing counsel, when he caused a cervical collar to be marked as an exhibit, kept it in view of the jury throughout the trial, but never offered it in evidence. Although the display of this neck support may have been improper, appellant made no request during the trial that it be removed from the view of the jury until admitted; nor did appellant request that the trial court instruct the jury relative thereto.

Under these facts, we find no merit in this assignment of error.

■ Appellant next asserts that the court erred in instructing the jury on life expectancy. There was medical evidence, if believed by the jury, that the respondent had suffered permanent injury. Under such circumstances, an instruction on life expectancy is proper. *Holmes v. Toothaker,* 52 Wn.2d 574, 579, 328 P.2d 146 (1958), and case cited.

Appellant's third assignment of error is predicated upon the contention that there was no medical evidence which established that respondent's physical condition at the time of trial was caused solely by the accident in appellant's store on September 13, 1961. In this regard, the jury was instructed as follows:

> You are instructed that if you find that the plaintiff [respondent] at the time of the accident on September 13, 1961, had a pre-existing disease or illness or defect, whether caused by prior accident or not, and if you find that since the accident of September 13, 1961, the plaintiff has had develop further disabilities as a result of injuries or illness other than being the natural and probable consequence of the accident of September 13, 1961, then it shall be your duty, if you find in favor of the plaintiff, to grant only such recovery as will pecuniarily compensate the plaintiff for the accident of September 13, 1961 and the natural and probable consequences thereof. Instruction No. 9.

■ No exception was taken to this instruction, and it became the law of the case. *Pacific Intermountain Express*

*v. Olson,* 59 Wn.2d 666, 668, 369 P.2d 856 (1962), and case cited; *Cline v. Department of Labor & Indus.,* 50 Wn.2d 614, 616, 313 P.2d 687 (1957), and cases cited. We must assume, therefore, that the jury, in applying this instruction to the facts of this case, predicated the award solely upon the evidence as it related to the first injury on September 13, 1961, and the proved permanency thereof.

The judgment of the trial court is affirmed.