[No. 39108.    Department One.    March 14, 1968.]

ALICE KETCHUM, *Respondent,* v. DOROTHY WOOD, *Appellant.**

*Skeel, McKelvy, Henke, Evenson & Uhlmann, Frederick V. Betts,* and *Phillip L. Thom,* for appellant.

*Clinton, Moats, Andersen & Fleck,* by *James A. Andersen,* for respondent.

McGOVERN, J.—Alice Ketchum instituted this action for personal injuries sustained by her while a passenger in an automobile driven by the defendant, Dorothy Wood.

*Reported in 438 P.2d 596.

On January 27, 1963, plaintiff and defendant were at plaintiff's home in Enumclaw when they noticed defendant's husband leaving from across the street. With defendant behind the wheel of her own automobile, she and plaintiff set out to try and catch up with him. While traveling toward Renton, defendant's vehicle left the highway without apparent reason, struck a utility pole and the plaintiff was injured.

Plaintiff alleged that the accident and her injuries were proximately caused by the defendant's negligence and gross negligence. Defendant denied negligence, countered that plaintiff was a guest-passenger in her automobile, and that plaintiff had executed a general release of all liability. Plaintiff claimed fraud in the procurement of that release.

The case was tried to a jury and a $19,563.81 verdict resulted. Defendant's post-trial motions were denied and this appeal taken.

Four of defendant's assignments of error relate, in effect, to but a single claim of error. Did the trial court err in denying defendant's various motions to dismiss the case for insufficiency of evidence as a matter of law? Defendant had moved for a directed verdict, for a dismissal, for a judgment notwithstanding the verdict and for a new trial.

We are aware, as was the trial court, that in passing on those motions, the evidence, and all reasonable inferences to be drawn therefrom, had to be interpreted in the light most favorable to the plaintiff and most strongly against the defendant. The motions may be granted only if the court can say, as a matter of law and under the foregoing interpretation, that there is no substantial evidence to support the plaintiff's claim. *Hansen v. Pauley,* 67 Wn.2d 345, 407 P.2d 811 (1965); *Frasch v. Leedom,* 62 Wn.2d 410, 383 P.2d 307 (1963); *Miller v. Payless Drug Stores of Washington, Inc.,* 61 Wn.2d 651, 379 P.2d 932 (1963).

·The evidence then, for purposes of ruling on the motions, was as follows: plaintiff was a passenger in defendant's automobile; without apparent reason, defendant drove the automobile off the road; plaintiff thereby

sustained fractures of the shoulder and back, and a severe sprain of the right foot and ankle; she was in the hospital from January 27, 1963, until March 9, 1963; while hospitalized, an experienced adjuster for defendant's insurance carrier visited her; medical permission for the visit (4 days after the injury) was not obtained; plaintiff, at all times material, was under heavy medication; the medication included Benadryl, Percodan and Equanil; the adjuster prepared and plaintiff signed a statement concerning the accident; she did not remember reading it; he next saw her at her home on April 12, 1963; she was still in pain; he was then advised that she too was insured with his company under a medical policy; the adjuster last visited her on April 18, 1963; he was aware of her dire financial condition; she was a widow of limited education and at no time represented by legal counsel; he told her that he and his company (her own insurer) did not feel there was liability for her injury; to the contrary, the company's claim file then indicated possible gross negligence liability, bearing this notation: "guest passenger, gross negligence possible"; he handed her a "bunch of papers" to sign in order to pay her hospital bills and the cost of her new eyeglasses; he did not tell her that she was signing a release of all claims against the defendant; she did not read the release because "he was my adjuster, and I trusted him"; that the only statement by the adjuster regarding payment over and above the medical bills was "he said since I was also—you don't call it a client, what do you call it?—of his, that he would give me a little extra to help me along"; that over and above medical costs covered by the two policies (hers and defendants), plaintiff received the sum of $440.69, of which amount $90.69 was to pay additional medical costs; that plaintiff was unable to work for approximately 1½ years following the accident.

We believe that the foregoing evidence, contradicted by the defense, created a clear factual issue for the jury on the question of fraud in the procurement of the release of liability. The question was therefore properly submitted to the jury.

The defendant prepared and submitted and the court gave her instruction on that issue as follows:

In order for the plaintiff to set aside the release executed by her on the ground of fraud committed by the defendant or her insurance adjuster, she must prove a representation of an existing fact, its materiality, its falsity and the knowledge of its falsity or ignorance of its truth by the adjuster, his intent that such statement or representation should be acted on by the plaintiff, and that she was ignorant of its falsity, and that she relied upon the truth of the representation, that she had a right to rely upon it and that she suffered consequent damages.

You are further instructed fraud is never presumed, but must be proved by clear, cogent and convincing evidence.

Thus, the burden of attacking the release was placed squarely on the plaintiff, and the jury apparently decided that she had sustained that burden. It was rightfully the jury's decision to make.

■ Defendant asserts that "[t]he [trial] court must determine if the plaintiff's case [on fraud] has been established by clear, cogent and convincing evidence" before submitting the same to the jury. That, if it does not so find, then the case must be dismissed. That is not the law. On this identical point we stated in *Myers v. Weyerhaeuser*, 197 Wash. 407, 413, 85 P.2d 1091 (1938):

[T]hat the rule invoked has been somewhat misunderstood. *It is not meant by this language that the court shall pass upon the credibility of witnesses, or must be convinced that they are telling the truth, before submitting the issue to the jury.* The evidence must be clear and convincing, assuming it to be true; that is, it must be substantial, and, if true, well calculated to prove the allegation. (Italics ours.)

■ Defendant next contends that plaintiff failed to prove "gross negligence" on the part of defendant or "payment for transportation" by the plaintiff sufficiently to take either issue to the jury; that, therefore, plaintiff's claim fell within the ambit of the host-guest statute and was there-

fore barred. RCW 46.08.080 (Laws of 1961, ch. 12, p. 250) states:

No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser.

The court defined gross negligence as follows:

Gross negligence, on the other hand, is great negligence, that is, negligence substantially or appreciably greater than ordinary negligence. It is also defined as absence of slight care by the defendant driver.

No exception being taken to that instruction it became the law of the case. *Allen v. B. F. Goodrich Co.,* 67 Wn.2d 587, 408 P.2d 900 (1965); *Anderson v. Blossom,* 63 Wn.2d 330, 387 P.2d 507 (1963); *Wright v. Kennewick,* 62 Wn.2d 163, 381 P.2d 620 (1963); *Crippen v. Pulliam,* 61 Wn.2d 725, 380 P.2d 475 (1963); *Seattle v. Harclaon,* 56 Wn.2d 596, 354 P.2d 928 (1960).

■ One Raymond Turner testified that he was driving the automobile ahead of defendant, having recently passed her, and that the accident occurred on a curve. He stated that, as he observed the defendant's automobile through his rear view mirror, "I seen the car drive off the road and hit a pole and turn over." He stated that the highway was clear and there was no other traffic. By that testimony alone, plaintiff's case of gross negligence was sufficiently established to reach the jury.

The factual pattern is almost identical with that in *Pickering v. Stearns,* 182 Wash. 234, 244, 46 P.2d 394 (1935), where "[t]he automobile, which was proceeding at not

over thirty-five miles an hour, left a perfectly good road of ample width, ran onto an embankment and into a telephone pole." The defendant's testimony there was vague, but it produced a conflict on the point of why he ran off the road. The jury found him to be grossly negligent on the facts and we affirmed. There, as here, we said that the question of whether or not the evidence warranted such a finding was for the jury.

Having determined that there was sufficient evidence to support a verdict of gross negligence, and the jury having found that there was, the host-guest rule was not applicable and therefore did not bar recovery.

The next assignment of error relates to the giving of instruction No. 2, the so-called "Members of the Jury" instruction. A recitation in that instruction was as follows:

In this connection the plaintiff further pleads in her reply to the defendant's second affirmative defense setting up the release, that the said release signed by the plaintiff widow was void on each and all of the following grounds: 1. Undue influence and duress; 2. Fraud; 3. Mistake; 4. Want of consideration; 5. Want of understanding. These latter allegations by the plaintiff are denied by the defendant.

■ Defendant asserts that the court committed prejudicial error in making reference to mistake, want of consideration, and want of understanding as a basis for setting aside the liability release. This is so, she contends, because there was no evidence of mistake, want of consideration, or want of understanding. Instruction No. 2 was an advisory instruction. Its only purpose was to acquaint the jury with the pleadings of the parties. In fact, the jury was so advised in the next instruction, No. 3:

The foregoing is merely a summary of the allegations of the parties in their pleadings and you are not to take the same as any proof of the matters alleged except as admitted in the pleadings, and are to consider only those matters alleged in the pleadings which are established by the evidence. The allegations of the parties in their pleadings have been outlined for you merely that you may understand the issues between them.

We presume that the jury obeyed this latter instruction, no facts to the contrary having been recited. *In re Municipality of Metropolitan Seattle,* 67 Wn.2d 923, 410 P.2d 790 (1966). Instructions of the trial court must be considered as a whole. If, when thus considered, they fairly state the law, there is no prejudicial error even though certain detached statements within them may be technically incorrect. *Zackovich v. Jasmont,* 32 Wn.2d 73, 200 P.2d 742 (1948). No error resulted.

We have fully examined defendant's remaining assignments of error and find them to be without merit.

The judgment is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and HALE, JJ., concur.

---

May 2, 1968. Petition for rehearing denied.