[No. 39580.     Department Two.     October 3, 1968.]

JOSEPH L. O'BRIEN, *as Administrator and Guardian, Respondent and Cross-appellant,* v. CHARLES V. ARTZ *et al., Defendants,* JOHN DOE NELSON *et al., Appellants,* CORALIE R. ARTZ, *Respondent.**

*Beresford & Booth, Robert O. Beresford,* and *Robert W. McKisson,* for respondent and cross-appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *James M. Lindsey, Jr.,* for respondent.

*Reported in 445 P.2d 632.

OTT, J.†—On January 11, 1966 at approximately 3 p.m. Corinne J. Dyke was proceeding in her Ford automobile east on Tacoma Avenue, an arterial street running east and west[1] in the city of Tacoma, Washington. As she approached the intersection with North 3rd Street, she observed a collision at the intersection and stopped approximately 150 feet away. Her vehicle was struck by the Chevrolet automobile driven by Norma J. Nelson, which had been involved in the intersection collision with the Ford automobile driven by Coralie R. Artz. The Dyke vehicle was damaged, and Corinne J. Dyke and her daughter, Cecilee L. Dyke, a passenger, suffered injuries. As a result of these injuries, Corinne J. Dyke was hospitalized for surgery, and while under general anesthetic, she suffered a cardiac arrest resulting in her death.

Joseph L. O'Brien qualified as administrator of the estate of Corinne J. Dyke and as guardian for Cecilee L. Dyke, a minor. He commenced this action for damages for the wrongful death of Corinne J. Dyke and injuries to Cecilee J. Dyke, against Charles V. Artz; Kennard J. Nelson and Norma J. Nelson, his wife, and the marital community composed thereof; and Coralie R. Artz, a minor. The cause was tried before a jury in the Superior Court for Pierce County. The jury returned verdicts in favor of the estate of Corinne J. Dyke in the sum of $37,000 and in favor of the guardian of Cecilee L. Dyke in the sum of $1,500, both verdicts against defendants Nelson only. The jury also returned a verdict in favor of Coralie R. Artz, upon her cross complaint, against defendants Nelson in the sum of $200.

From the judgment entered upon the verdict of the jury, the Nelsons appealed. Joseph L. O'Brien, in his representative capacity, cross-appealed against Coralie R. Artz. Subsequent to the filing of the notice of appeal, the appellants Nelson paid the sum of $28,500 and received from the cross-

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1]The described direction of Tacoma Avenue in this opinion is incorrect, but has been adopted to conform with the testimony and exhibits.

appellant an agreement entitled "Covenant Not To Sue Or Execute" for the balance of the judgment entered upon the verdict. The Nelson appeal has been dismissed. The sole assignment of error in appellant O'Brien's cross-appeal, as set out in his brief, is that, "The trial court erred in denying the plaintiff's motion for a directed verdict as to the liability of the defendant, Coralie R. Artz, and in submitting this issue to the jury."

In considering a motion for directed verdict, the trial court must consider all the evidence and reasonable inferences therefrom most favorably to the nonmoving party. *Frasch v. Leedom,* 62 Wn.2d 410, 383 P.2d 307 (1963) and *Trudeau v. Haubrick,* 65 Wn.2d 286, 396 P.2d 805 (1964). Applying this rule, the record establishes certain facts with regard to the first collision. Tacoma Avenue, from curb to curb, is 55 feet wide, and the centerline is at a point $27\frac{1}{2}$ feet from either side. Parking is allowed on both sides of Tacoma Avenue. The disfavored driver, Coralie R. Artz, proceeding south on North 3rd Street, stopped at the stop sign on the north side of Tacoma Avenue. Automobiles parked up to the crosswalk on Tacoma Avenue, obstructed her view to the east. She slowly drove to a point in the intersection whereby she could, by leaning forward, see down Tacoma Avenue, and at this point she stopped. In this regard, Miss Artz testified on cross-examination and upon redirect as follows:

Q. But you are saying from the position you stopped at, Position A-2, from the driver's seat you could see down Tacoma Avenue, is that correct?

A. Well, I leaned forward.

Q. Did you lean forward in this case?

A. Yes.

Q. When you leaned forward could you see down Tacoma Avenue?

A. Yes.

Q. Around the parked cars?

A. Yes.

REDIRECT EXAMINATION

Q. Coralie, could you see around those parked cars before you got to position A-2?

A. No.

She remained stopped at this point for about 3 seconds and was struck by the Nelson automobile, which was proceeding west on Tacoma Avenue. After the collision the Nelson automobile swerved across the center line into the lane occupied by the Dyke vehicle.

Accepting these facts and all reasonable inferences drawn therefrom as true, Miss Artz's conduct in driving to a place in the intersection where she could see oncoming traffic was not negligent as a matter of law. In *Fovargue v. Ramseyer*, 73 Wn.2d 574, 439 P.2d 966 (1968), this court, in considering the duty of a disfavored driver whose view is obstructed upon entering an arterial highway, stated at 579-80:

> It is true we have held that the mere fact that the view of the disfavored driver is obstructed will not relieve him of the duty of ascertaining whether another vehicle is approaching, if he can reasonably bring his vehicle to a point from which his view is not obstructed. It is the duty of a disfavored driver to make his observations from a point at which he can clearly observe, not from a point back from the intersection where his view is materially impaired. *Sanders v. Crimmins*, 63 Wn.2d 702, 388 P.2d 913 (1964) and cases cited.
>
> . . . .
>
> The jury was entitled to accept the defendant's evidence as true. If it did so, it would be justified in finding that he was not negligent. He complied with the rule of *Sanders v. Crimmins, supra*, in that he proceeded to a point from which he could look to the left and see approaching traffic.

■ If we preclude a disfavored driver approaching an obstructed arterial highway, not controlled by a stop and go traffic light, from cautiously entering into the intersection to a place where he can see oncoming traffic, except at his peril, this court would effectively close such intersections to all nonarterial traffic. This court, however, in an-

562

nouncing the rule in *Fovargue v. Ramseyer, supra,* has placed upon such a disfavored driver a duty to stop before entering and then proceed into the intersection to a point where oncoming traffic can be observed. In applying the above rule to the instant case, it became a factual question for the jury whether Miss Artz's conduct was reasonable with regard to the manner in which she entered the intersection and the distance she traveled therein. The trial court did not err in denying cross-appellant's motion for directed verdict on the issue of liability.

■ The trial court gave instruction No. 15, which read as follows:

You are instructed that it is the duty of the driver when approaching an obstructed intersection with an arterial to make his observations from a point from which he can clearly observe traffic on the arterial and not back from the intersection where his view is materially impaired.

No exception was taken to this instruction, and it became the law of the case. *Allen v. B. F. Goodrich Co.,* 67 Wn.2d 587, 408 P.2d 900 (1965). By this instruction, the issue of the manner in which Miss Artz made her observation was one of fact properly presented to the jury and was resolved in her favor.

The trial court also instructed the jury on the law relative to negligence, contributory negligence, proximate cause, and joint tort-feasors. In granting Miss Artz $200 property damage on her cross complaint, the jury absolved her from all negligence or liability with respect to the first collision. We, therefore, do not reach the issue of proximate cause as it applies to the Nelson-Dyke collision. We also do not reach the issue raised by the "covenant not to sue or execute" given to the Nelsons, because the jury found the respondent, Miss Artz, not to be a joint tort-feasor. *See White Pass Co. v. St. John,* 71 Wn.2d 156, 427 P.2d 398 (1967). The judgment is affirmed.

HILL, HUNTER, HAMILTON, and NEILL, JJ., concur.