[No. 13-40000–1.    Division One.    December 31, 1969.]
Panel 2

HELEN HILYARD MILLS, *as Executrix, Appellant,* v. INTER ISLAND TELEPHONE CO., INC., *Respondent.*

*Paul H. Graves, Donald N. Olson,* and *George Martin,* for appellant.

*Livesey, Kingsbury & Livesey* and *Burton A. Kingsbury*, for respondent.

STAFFORD, J.—Plaintiff, Helen Hilyard Mills, executrix of the estate of her deceased husband, instituted a wrongful death action against the Orcas Power & Light Company and Inter Island Telephone Company. The action against the power company was settled. She appeals from a jury verdict in favor of the defendant telephone company.

This is plaintiff's third appeal. The first, *Mills v. Orcas Power & Light Co.*, 56 Wn.2d 807, 355 P.2d 781 (1960), involved a demurrer to plaintiff's second amended complaint. Under the rules then applicable the Supreme Court assumed the truth of every fact well pleaded in plaintiff's allegations and held they stated a cause of action. The second appeal, *Mills v. Inter Island Tel. Co.*, 68 Wn.2d 820, 416 P.2d 115 (1966), involved, among other things, defendant's motion for a summary judgment. The primary inquiry was whether a genuine issue of material fact existed. The Supreme Court held it did. It must be noted that in each prior appeal the court reviewed matters in a light most favorable to the plaintiff. The current appeal, however, is on a different footing.

Plaintiff assigns error to the trial court's failure to give her proposed instruction for a directed verdict and to a denial of her motion for a judgment notwithstanding the verdict.[1] Thus, the evidence and all reasonable inferences therefrom must be interpreted in a light most favorable to the defendant and most strongly against the plaintiff. *Leach v. Ellensburg Hosp. Ass'n*, 65 Wn.2d 925, 400 P.2d 611 (1965); *Parrish v. Ash*, 32 Wn.2d 637, 203 P.2d 330 (1949). If there is substantial evidence to support the jury's verdict we may not retry the factual issues on appeal. *Hernandez v. Western Farmers Ass'n*, 76 Wn.2d 422, 456 P.2d 1020 (1969); *McEwen v. Tucci & Sons, Inc.*, 71 Wn.2d 539, 429 P.2d 879 (1967).

---

[1]Plaintiff also assigned error to the court's refusal to grant a new trial. During oral argument plaintiff's counsel withdrew the issue. Thus, we need not consider it.

There is substantial evidence that Mr. Mills flew into the Orcas Island Airport in a small plane. The south 1,300 feet of the 4,000 foot north-south runway had been completed only about 6 weeks previously. The south end of the runway terminated approximately 150 feet from, and perpendicular to, a county road.

A series of poles extended along both sides of the county road right-of-way. Each pole on the south side of the road supported two power lines, one suspended 29 feet high and the other 24½ feet. The defendant's telephone poles occupied the other side of the right-of-way, approximately 30 feet to the north of the power lines. The telephone lines were suspended approximately 19 feet in the air.

Mr. Mills was not familiar with the airfield. As he approached the south end of the runway to land, the aircraft's landing gear struck the power lines. The plane dropped rapidly, struck the telephone wires, flipped over and crashed. Mr. Mills was killed.

Plaintiff asserts defendant was negligent as a matter of law. Her argument is based on defendant's alleged failure to mark the telephone poles and wires for better visibility. She also relies on mathematical computations which have their genesis in mere approximations. Even if we assume, without deciding, that defendant was negligent, the jury was entitled to consider Mr. Mills' contributory negligence. If the jury found contributory negligence it was required to return a verdict for the defendant.[2]

There was substantial evidence from which the jury could have found contributory negligence.

The map or chart found in the wreckage not only was

---

[2] The jury was instructed: " 'Contributory negligence' is negligence or want of care, as herein defined, on the part of a person suffering injury or damage which proximately contributes to cause the injury and damage complained of. Contributory negligence bars recovery on the part of a person suffering injury or damage, even though the opposing party is guilty of negligence which was a proximate cause of such injury and damage."

Plaintiff took no exception to the instruction. It became the law of the case. *O'Brien v. Artz*, 74 Wn.2d 558, 445 P.2d 632 (1968); *Adamson v. Traylor*, 60 Wn.2d 332, 373 P.2d 961 (1962).

out of date but did not even show an airport on Orcas island. A more recent chart, available nearly 6 months prior to the accident, showed the airstrip and also warned airmen of poles and wires at the south end of the field. Experienced pilots testified that a reasonably prudent pilot would carry the latest map.

Experienced pilots also testified that before a prudent pilot would attempt to land at an unfamiliar field he would inspect the area by circling the airstrip slowly at a height of 100 to 150 feet. Whether Mr. Mills followed the procedure is in conflict. Any doubt must be resolved in defendant's favor. *Leach v. Ellensburg Hosp. Ass'n, supra; Parrish v. Ash, supra.*

According to the testimony of experienced pilots the existence of a county road near an airfield should place a pilot on notice that poles and wires may extend along the road. One pilot, familiar with the area, testified that given the decedent's apparent angle of approach, "it [the poles] sticks out like a sore thumb, . . ." Another pilot stated that the poles were visible one-half mile away. In this regard it should be noted that the accident happened on a bright, clear, sunny day about noon.[3]

Finally, two witnesses testified generally that decedent's landing approach was unusually "low and fast." Two others referred to his approach as "too low" and "too fast."

There was substantial evidence to support the jury's verdict based on plaintiff's contributory negligence. It is unnecessary to reach the question of defendant's negligence.

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

---

Petition for rehearing denied March 11, 1970.

---

[3]The jury was instructed: "One is charged with the duty of seeing that which he should have seen had he been exercising ordinary care."

No exception was taken by plaintiff. This instruction became the law of the case. *O'Brien v. Artz, supra* note 2; *Adamson v. Traylor, supra* note 2.