[No. 2893–3.   Division Three.   December 11, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES H. GALLAHER, JR., *Appellant.*

---

820

*Robert D. Vickery,* for appellant.

*Douglas S. Boole, Prosecuting Attorney,* for respondent.

GREEN, C.J.—Defendant appeals his jury conviction for second–degree robbery. He assigns error to the giving of an instruction defining the term "threat."

On the evening of February 2, 1978, the defendant attended a movie in Grand Coulee with five friends. After the movie, they stopped at the Alpine Drive–In to use the restrooms. The drive–in was closed. After using the restrooms, the defendant and two of his friends entered the restaurant. Glen Norton, a 16–year–old employee, was the only person present in the restaurant, and he was cleaning the area for the night.

The defendant entered the drive–in by the rear door which is normally used by employees only. He asked Mr. Norton if anyone else was there. At that moment, one of the defendant's friends came in the front door. The two then asked for some french fries. Mr. Norton proceeded to prepare their order because, as he stated, he "didn't want to get beat." While he was cooking the french fries, another friend of the defendant entered the restaurant.

Mr. Norton testified that he heard some "change rattling," and when he went to investigate, he discovered the defendant in the cash box. He stated that he asked the defendant what he was doing, and that the defendant replied he was robbing the place and wanted to know if Mr. Norton was going to do anything about it. Mr. Norton said, "No." As the three men left, the defendant turned to him and said that if Mr. Norton reported the robbery, then he should know that the defendant "was pretty good with the shotgun." Mr. Norton testified that the defendant's demeanor throughout the incident put him in fear of imminent danger to his own safety.

The defendant assigns error to the following instruction:

Threat means to communicate, directly or indirectly the intent: to cause bodily injury *in the future* to the person threatened or to any other person; or, to do any other act which is intended to harm substantially the person threatened or another with respect to his health, safety, business, financial condition, or personal relationship.[1]

(Italics ours.) He argues that under RCW 9A.56.190,[2] the statute which defines robbery, the threat must be of "*immediate* force, violence, or fear of injury," as opposed to a communicated intent to cause injury *in the future*. (Italics ours.) For the following reasons, we hold that the giving of the instruction was error, but not reversible error.

■ As noted, under the statute defining robbery, a person may commit that crime by means of the "threatened use of immediate force, violence, or fear of injury." RCW 9A.56.190. Of necessity, a threat is always a communication of intent to cause future harm. However, the definition of

---

[1]The language of this instruction is taken directly from the definition contained in RCW 9A.04.110(25)(a).

[2]RCW 9A.56.190 provides:

"A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. . . ."

"robbery" requires that the threatened harm be in the *immediate future, i.e.,* while the robbery is taking place. Here, the challenged instruction is broad enough to cover a threat of harm in the immediate future, but it is not limited to such a threat. Insofar as the instruction includes threats of harm to take place subsequent to the robbery, it is error.

In determining whether the instruction constitutes reversible error, we consider it in the context of the court's other instructions to the jury. Those instructions correctly stated that:

> A person commits the crime of robbery when he unlawfully and with intent to commit theft thereof takes personal property from the person or in the presence of another against that person's will by the use or threatened use of *immediate* force, violence, or fear of injury to that person.

(Italics ours.) and

> To convict the defendant of the crime of robbery in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> . . .
>
> (3) That the taking was against the person's will by the defendant's use or threatened use of *immediate* force, violence, or fear of injury to that person.

(Italics ours.) The court also correctly defined "immediate" as "not separated in time, acting or happening at once; without delay; instant." In this context, the definition of "threat" which includes a communication of intent to injure after the robbery has been completed is superfluous.

▇ It is well established that jurors are presumed to follow the court's instructions, which are to be considered as a whole. If the instructions as a whole fairly state the law, then there is no prejudicial error although certain portions, standing alone, might otherwise mislead the jurors. *Ketchum v. Wood,* 73 Wn.2d 335, 341, 438 P.2d 596 (1968). Here, the instructions considered as a whole adequately advised the jury that a threat of immediate force was required to convict the defendant of a robbery. Mr.

Norton's testimony supports a finding that a threat of immediate force was made. The threat with reference to the shotgun, the only threat of force to take place subsequent to the robbery, was made after the crime had occurred, and was for the obvious purpose of deterring the victim from reporting it. This threat was not necessary to the defendant's conviction, as it was not an element of the crime under the trial court's instructions.

Accordingly, we hold that the definition of "threat" which was given here is improper in a robbery trial but, in light of the other instructions, does not constitute reversible error.

Affirmed.

McINTURFF and ROE, JJ., concur.