FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 AUG -6 AM 9: 50

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76154-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CURTIS LAMONT WHITFIELD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 6, 2018 |
| | ) | |

VERELLEN, J. — Curtis Whitfield appeals his conviction for first degree robbery. Because the evidence does not support an inference that Whitfield committed theft rather than robbery, we conclude the court did not abuse its discretion when it denied Whitfield's request to instruct the jury on the lesser included offense.

Whitfield also assigns error to the giving of jury instruction 8, defining the term "threat." Although we conclude jury instruction 8 was given in error, in light of the other instructions, it was not reversible error.

Therefore, we affirm.

## FACTS

On December 8, 2014, Whitfield entered the White Center branch of U.S. Bank and approached the teller. According to the teller, Christina Ponce, Whitfield

said, "Give me $10,000 or I'll kill you."[1] Ponce gave Whitfield all the money in her drawer. A tracking device was included with the money, some of the serial numbers were recorded, and Ponce triggered the alarm. Around 30 minutes later, police found Whitfield nearby in possession of bills with matching serial numbers.

The State charged Whitfield with first degree robbery. At trial, Whitfield denied threatening to kill Ponce. The court denied Whitfield's request for a jury instruction on the lesser included offense of theft. The jury found Whitfield guilty as charged.

Whitfield appeals.

## ANALYSIS

### I. Lesser Included

Whitfield contends the trial court abused its discretion when it refused to instruct the jury on the lesser included offense of theft.

"A defendant is entitled to an instruction on a lesser included offense when (1) each of the elements of the lesser included offense is a necessary element of the charged offense and (2) the evidence in the case supports an inference that the lesser crime was committed."[2] Courts refer to the first part of the test as the "legal prong" and the second part as the "factual prong."[3] On appeal, the State does not contest the legal prong.

---

[1] Report of Proceedings (RP) (Sept. 22, 2016) at 413.
[2] State v. Henderson, 182 Wn.2d 734, 742, 344 P.3d 1207 (2015).
[3] State v. Berlin, 133 Wn.2d 541, 546, 947 P.2d 700 (1997).

We review a trial court's decision under the factual prong for abuse of discretion.[4] In determining the factual prong, we review "the evidence in the light most favorable to the party requesting the instruction."[5] The evidence must raise an inference that only the lesser included offense was committed instead of the charged offense.[6]

Whitfield was charged with first degree robbery. A person commits robbery

> when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.[7]

Whitfield requested the jury be instructed on the lesser included offense of theft. Theft means "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services."[8] Theft does not include the "use or threatened use of immediate force, violence, or fear of injury."

---

[4] Henderson, 182 Wn.2d at 743.

[5] State v. Wade, 186 Wn. App. 749, 772, 346 P.3d 838 (2015).

[6] State v. Fernandez-Medina, 141 Wn.2d 448, 455, 6 P.3d 1150 (2000).

[7] RCW 9A.56.190.

[8] RCW 9A.56.020.

According to Ponce, the bank teller, Whitfield said, "Give me $10,000 or I'll kill you."[9] Ponce gave Whitfield all the money in her drawer. A tracking device was included with the money, some of the serial numbers were recorded, and the teller triggered the alarm.

At trial, Whitfield testified he never intended to rob the bank and rather, he mistakenly believed he had money in his account:

> Not once did I threaten that teller; not once did I ever say the word "kill" to Christina Ponce. You know why I didn't have to say the word "threat"—"kill" to Ms. Christina Ponce? Because I only went, asking for the money I thought I had in that bank.[10]

Whitfield claimed he only told the teller, "Give me my money."[11] And Whitfield argued the teller lied when she testified that he threatened to kill her. But it is not enough that the jury may disbelieve some evidence.[12]

Whitfield contends his denial that he threatened Ponce, along with the lack of other evidence of a threat, raises an inference that only theft was committed instead of robbery.

The State argues Whitfield may not request a theft instruction because his testimony about his mistaken belief is inconsistent with such an instruction. "The jury may always disbelieve any portion of a witness's testimony, 'but if the

---

[9] RP (Sept. 22, 2016) at 412.

[10] RP (Sept. 27, 2016) at 820.

[11] Id. at 827.

[12] See Fernandez-Medina, 141 Wn.2d at 455-56.

defendant would urge as an alternative theory that he committed only [the included crime], some evidence must be presented affirmatively to establish that theory.'"[13]

At trial, Whitfield advanced a single theory, that he did not intend to take the money from the bank, that he was only asking for money he believed was in his account. If believed, this theory would require the jury to acquit Whitfield of the charged crime of robbery and the requested lesser included of theft. "Where acceptance of the defendant's theory of the case would necessitate acquittal on both the charged offense and the lesser included offense, the evidence does not support an inference that only the lesser was committed."[14]

Because the evidence does not support an inference that Whitfield committed theft rather than robbery, we conclude the court did not abuse its discretion when it in denied Whitfield's request to instruct the jury on the lesser included offense.

## II. Jury Instruction

Whitfield argues jury instruction 8 defining threat misstates the law. For this reason, Whitfield asks this court to reverse his conviction.

The panel reviews errors of law in jury instructions under the de novo standard.[15] "Jury instructions are proper when they permit the parties to argue

---

[13] State v. Rodriquez, 48 Wn. App. 815, 820, 740 P.2d 904 (1987) (alteration in original) (quoting State v. Wheeler, 22 Wn. App. 792, 797, 593 P.2d 550 (1979)).

[14] State v. Speece, 56 Wn. App. 412, 419, 783 P.2d 1108 (1989), affirmed, 115 Wn.2d 360, 798 P.2d 294 (1990).

[15] State v. Barnes, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005).

their theories of the case, do not mislead the jury, and properly inform the jury on the applicable law."[16]

Even if a jury instruction is improper, reversal is appropriate only if the error is prejudicial. "It is reversible error to instruct the jury in a manner that would relieve the State of [its] burden" to prove "every essential element of a criminal offense beyond a reasonable doubt."[17] But "[i]f the instructions as a whole fairly state the law, then there is no prejudicial error."[18]

Here, jury instruction 8 provided, "Threat means to communicate, directly or indirectly, the intent to cause bodily injury *in the future* to the person threatened or to any other person."[19] But under the statute defining robbery, "A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of *immediate* force, violence, or fear of injury to that person."[20]

In State v. Gallaher, Division Three of this court considered an identical threat instruction where the defendant was convicted of second degree robbery.[21] The court determined the threat instruction was improper "[i]nsofar as the

---

[16] Id.

[17] State v. Pirtle, 127 Wn.2d 628, 656, 904 P.2d 245 (1995).

[18] State v. Gallaher, 24 Wn. App. 819, 823, 604 P.2d 185 (1979).

[19] Clerk's Papers (CP) at 61.

[20] RCW 9A.56.190 (emphasis added).

[21] 24 Wn. App. 819, 604 P.2d 185 (1979).

instruction includes threats of harm to take place subsequent to the robbery."[22]

Similarly here, jury instruction 8, defining threat, was given in error.

In Gallaher, Division Three concluded, "[T]he instructions considered as a whole adequately advise the jury that a threat of immediate force was required to convict the defendant of a robbery."[23] There, the jury instruction defining robbery and the to convict instruction correctly identified that the defendant must use or threaten the use of "immediate force" to be guilty of robbery.[24]

Here, the jury instruction defining robbery was virtually identical to the instruction in Gallaher:

> A person commits the crime of robbery when he or she unlawfully and with intent to commit theft thereof takes personal property from the person or in the presence of another who has an ownership, representative, or possessory interest in that property, against that person's will by the use or threatened use of *immediate* force, violence, or fear of injury to that person or to the person's property.[25]

And the to convict instruction given in this case correctly stated:

> To convict the defendant of the crime of robbery in the first degree, each of the following six elements of the crime must be proved beyond a reasonable doubt:
>
> . . . .
>
> (3) That the taking was against the person's will by the defendant's use or threatened use of *immediate* force, violence or fear of injury to that person. [26]

---

[22] Id. at 822.

[23] Id.

[24] Id.

[25] CP at 59 (emphasis added).

[26] CP at 64 (emphasis added).

Because the other instructions correctly identified the requirement of immediate force, the instructions did not relieve the State of its burden to prove every element of the crime beyond a reasonable doubt. Although we conclude jury instruction 8 was given in error, in light of the other instructions, it was not a reversible error.

Therefore, we affirm.

WE CONCUR:

_____

_____
Mann, ACJ.

_____