[No. 11217.   Department Two.   October 21, 1913.]

DELIA ST. GERMAIN, *Respondent*, v. POTLATCH LUMBER
COMPANY, *Appellant*.[1]

DEATH—ACTION FOR WRONGFUL DEATH—STATUTES—IMPLIED RE-PEAL. Since repeals by implication cannot be favored or decreed except in the cases of irrevocable repugnancy, Revised Code of Idaho, § 4100, giving a right of action for death caused by the act or neglect of another generally, under common law rules, was not impliedly repealed by Laws of Idaho 1909, p. 34, relating to injuries and deaths of employees in certain enumerated employments, which changed common law rules and defenses and was much narrower in scope than the former law, leaving many cases unprovided for; since the later act seemingly affords a cumulative remedy.

DEATH—ACTIONS — WRONGFUL DEATH — CAUSE OF ACCIDENT—EVI-DENCE—SUFFICIENCY. The jury is warranted in finding that the death of a brakeman, riding on the steps at the side of the pilot and thrown beneath the pilot, was caused by the negligence of the railway company, where it appears that he was riding where required in the switching work in which he was engaged, that the roadbed had soft spots in it, which allowed the engine to tilt until the pilot would rub on the rails, and it was found that there was a low or soft spot in the roadbed where the accident occurred, and that the top of the switch had been freshly chipped or cut and the pilot bore marks of having been in contact with the rail, and was found to be loose at certain points so that it could be swayed from side to side several inches by pressure; all the circumstances indicating that he was thrown in front of the pilot by a jar caused from contact between the pilot and track; so that the cause of the accident was not left

[1]Reported in 135 Pac. 804.

to speculation and conjecture, but was established by a fair preponderance of the evidence.

DEATH—ACTIONS—DAMAGES—EXCESSIVE VERDICT. In an action for the wrongful death of a son 26 years of age brought by a mother as only heir, a verdict for $6,000, reduced to $2,000 by the trial court, is not excessive; as a substantial recovery may be had.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 4, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Cannon, Ferris & Swan,* for appellant, contended that the cause of the accident lies in conjecture and speculation, and the evidence did not make a case for the jury. *Armstrong v. Cosmopolis,* 32 Wash. 110, 72 Pac. 1038; *Reidhead v. Skagit County,* 33 Wash. 174, 73 Pac. 1118; *Stratton v. Nichols Lumber Co.,* 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881; *Stone v. Crewdson,* 44 Wash. 691, 87 Pac. 945, 39 L. R. A. (N. S.) 180; *Peterson v. Union Iron Works,* 48 Wash. 505, 93 Pac. 1077; *Olmstead v. Hastings Shingle Mfg. Co.,* 48 Wash. 657, 94 Pac. 474; *Whitehouse v. Bryant Lumber & Shingle Mfg. Co.,* 50 Wash. 563, 97 Pac. 751; *Weckter v. Great Northern R. Co.,* 54 Wash. 203, 102 Pac. 1053; *Wintuska's Adm'r v. Louisville & N. R. Co.,* 14 Ky. Law 579, 20 S. W. 819; *Hughes v. Cincinnati N. O. & T. P. R. Co.,* 13 Ky. Law 72, 16 S. W. 275; *Black's Adm'r v. Southern R. Co.,* 32 Ky. Law 1345, 108 S. W. 856; *O'Connor v. Chicago, R. I. & P. R. Co.,* 129 Iowa 636, 106 N. W. 161; *Patton v. Texas & Pac. R. Co.,* 179 U. S. 658; *Ashbach v. Chicago, B. & Q. R. Co.,* 74 Iowa 248, 37 N. W. 182. The respondent failed to comply with the act of 1909, and her action is barred under the laws of Idaho. The new law covers the whole subject and repeals the former law. 8 Cyc. 749, 750; 23 Cyc. 310; *Criswill v. Montana Cent. R. Co.,* 18 Mont. 167, 44 Pac. 525, 33 L. R. A. 554; *Bradley Eng. & Mach. Co. v. Muzzy,* 54 Wash. 227, 103 Pac. 37; *In re Donnellan,* 49 Wash. 460, 95 Pac. 1085; *Mansfield v. First Nat. Bank,* 5

Wash. 665, 32 Pac. 789, 999 ; *State v. Carbon Hill Coal Co.,*
4 Wash. 422, 30 Pac. 728 ; *McNeeley v. Southern Penn Oil
Co.,* 52 W. Va. 616, 44 S. E. 508, 62 L. R. A. 562 ; Suther-
land, Statutory Construction, § 137 ; *United States v. Tynen,*
11 Wall. 88. Where there are two conflicting sections of a
general compilation or code, that section should prevail which
is derived from a source that can be considered the last ex-
pression of the law making power. *County Com'rs v. Jackson,*
58 Fla. 210, 50 South. 423, 138 Am. St. 110 ; *People ex
rel. Deneen v. Town of Thornton,* 186 Ill. 162, 57 N. E. 841 ;
*Mack v. Jastro,* 126 Cal. 130, 58 Pac. 372 ; *Findling v.
Foster,* 170 Ind. 325, 84 N. E. 529 ; *State Board of Health
v. Ross,* 191 Ill. 87, 60 N. E. 811 ; *Tildern v. Esmeralda
County,* 32 Nev. 319, 107 Pac. 881 ; *Rogers v. Nashville,
C. & St. L. R. Co.,* 91 Fed. 299 ; *District of Columbia v.
Hutton,* 143 U. S. 18. The damages were excessive. *Morgan
v. Southern Pac. Co.,* 95 Cal. 510, 30 Pac. 603, 29 Am. St.
143, 17 L. R. A. 71 ; *Beeson v. Green Mountain Gold Min. Co.,*
57 Cal. 20 ; *Michigan Cent. R. Co. v. Vreeland,* 227 U. S. 59 ;
*American R. Co. v. Didricksen,* 227 U. S. 145.

*Graves, Kizer & Graves,* for respondent, contended, *inter
alia,* that the facts made a case for the jury. 4 Labatt,
Master & Servant (2d ed.), pp. 4912, 4917 ; *Baltimore &
Potomac R. Co. v. Landrigan,* 191 U. S. 461 ; *Ohrstrom v.
Tacoma,* 57 Wash. 121, 106 Pac. 629 ; *Adams v. Bunker Hill
& Sullivan Min. Co.,* 12 Idaho 637, 89 Pac. 624, 11 L. R. A.
(N. S.) 844 ; *Perkins v. Northern Pac. R. Co.,* 199 Fed. 712 ;
*Bush v. Independent Mill Co.,* 54 Wash. 212, 103 Pac. 45 ;
*Korab v. Chicago, R. I. & P. R. Co.,* 149 Iowa 711, 128
N. W. 529, 41 L. R. A. (N. S.) 32 ; *Abernathy v. Mobile, J.
& K. C. R. Co.,* 97 Miss. 851, 53 South. 539 ; *Cox's Adm'r v.
Louisville & N. R. Co.,* 137 Ky. 388, 125 S. W. 1056 ; *South-
ern R. Co. v. Webb,* 116 Ga. 152, 42 S. E. 395, 59 L. R. A.
109 ; *Lunde v. Cudahy Packing Co.,* 139 Iowa 688, 117
N. W. 1063 ; *Wabash Screen Door Co. v. Black,* 126 Fed.

721. The amount of the recovery was not excessive. *American R. Co. v. Didricksen*, 227 U. S. 145 ; *Holt v. Spokane & P. R. Co.*, 3 Idaho 703, 35 Pac. 39 ; *Beesen v. Green Mountain Gold Min. Co.*, 57 Cal. 20 ; *Anderson v. Great Northern R. Co.*, 15 Idaho 513, 99 Pac. 91 ; *Golden v. Spokane & I. E. R. Co.*, 20 Idaho 526, 118 Pac. 1076 ; *York v. Pacific & N. R. Co.*, 8 Idaho 574, 69 Pac. 1042 ; *Atrops v. Costello*, 8 Wash. 149, 35 Pac. 620.

FULLERTON, J.—Albert St. Germain, while in the employment of the appellant, Potlatch Lumber Company, as a brakeman on its logging railway, in the state of Idaho, was run over by a locomotive engine and killed. St. Germain was, at the time of his death, 26 years of age and unmarried. The respondent is his mother and only heir. She conceived that his death was caused by the wrongful act and neglect of the appellant, and instituted this action to recover therefor. At the trial in the court below, the jury returned a verdict in her favor in the sum of $6,000. On a motion for a new trial, the court gave the respondent the option of taking a judgment in the sum of $2,000 or submitting to a new trial. The respondent elected to take the judgment, and judgment was thereupon entered in her favor for that sum. The lumber company appeals.

The section of the statutes of the state of Idaho on which the respondent relies to maintain her cause of action reads as follows:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just." Idaho Rev. Codes, § 4100.

The appellant concedes that this provision of the statute is sufficient to warrant the maintenance of the action if it still remains a part of the state law, but it contends that it is no longer a part of such law; that it was repealed by the act of the legislature of the state of Idaho of March 6, 1909 (Laws, Idaho 1909, p. 34). It is unnecessary to set out the session law at length, as an epitome of its provisions will make clear the point involved. Its first section provides that every "employer of labor in and about a railroad," and certain other specially enumerated industries, shall be liable to his employee or servant for a personal injury received by such servant or employee in the service of such master or employer when such employee or servant was at the time in the exercise of due care and diligence "in the following cases;" then follows an enumeration of the conditions on which the liability of the master or employer attaches, creating a wider liability on the part of the employer than he is subjected to under the common law. The second and succeeding sections provide who may maintain the action in case of the death of the person injured; limit the amount of recovery in an action brought for an injury causing death; provide for notice to the employer of time, place and cause of injury as a condition precedent to maintaining an action; and prescribe a special limitation as to the time an action therein provided for may be commenced.

The later statute does not expressly repeal the prior statute, and if there is a repeal at all, it is a repeal by implication. But repeals by implication are not favored, and the courts give such repeals effect only where there is an irreconcilable repugnancy between the earlier and the later act, or where it is clear that the later act was intended by the legislature to supersede all prior laws relating to the subject in hand and to comprise in itself the sole and complete system of legislation on the particular subject. That there is no such repugnancy between the acts here in question is at once apparent. The first act relates to deaths caused by the wrong-

ful act or neglect of another generally, and without regard
to the relations of the parties or the circumstances and con-
ditions giving rise to the death, and leaves the common law
rules, if they be so called, affecting the right of recovery in
full force and effect.   The second act relates entirely to in-
juries and deaths by wrongful or negligent acts occurring
where the relation of master and servant exists between the
parties, and makes changes in the rules of the common law
affecting the right of recovery, taking away defenses that
were available to the master under that procedure.   The scope
of the second act is, therefore, much narrower than the first
one, and if it is to be held to repeal the first act *in toto*, there
will exist many instances of death by wrongful or negligent
acts for which the law of the state affords no remedy.   Nor
is there anything in the later act that indicates a partial
repeal.   True, it provides for the repeal of all acts in conflict
with it, but this means simply that no prior act shall be held
to render the particular act ineffective; it does not mean
that all prior acts touching the same subject-matter are re-
pealed, for these can in no manner be in conflict with it. Again,
no resort to the later act is necessary to make effective the
rights conferred by the first.   The later act, therefore, seem-
ingly affords a cumulative remedy for certain cases that are
cognizable by the earlier act, and we think the legislature so
intended it.

It is next said that the evidence is insufficient to justify a
recovery.   At the time St. Germain was killed, he was work-
ing as brakeman on the appellant's locomotive engine No. 23.
This engine was used by the appellant for switching cars, as
well as for general hauling upon its different logging roads.
The engine was equipped with an ordinary pilot, having steps
upon each side on which the brakeman could stand while
riding about the switching yards, and while coupling cars
onto the head of the engine.   It was shown that the pilot
had been repaired some little time prior to the accident and
was in good condition as late at least as three or four days

before that time.  The appellant's roadbed, however, was not in the best of condition.  It had soft or low spots in it, which would suffer the engine to tilt in such manner as to cause the pilot at times to rub upon the rails.  On the morning of the accident, the engine was headed onto a switch for the purpose of picking up a car.  St. Germain, who was working as brakeman, turned the switch, stepped upon one of the steps before mentioned as extending alongside the pilot, and signalled the engineer to go ahead.  The engine was started slowly and moved forward at a rate estimated as about two miles an hour.  The engine had hardly passed the switch frogs when St. Germain was discovered underneath the pilot. The engine was stopped and backed away, and St. Germain picked up and taken to a hospital.  His wounds, however, were fatal, and he died sometime during the day.  There was a low or soft spot in the roadway at the point where the accident happened.  After the accident, the pilot was examined and found to be loose at certain mortise joints, so that it could be swayed from side to side several inches by pressure.  There was found, immediately after the accident, on top of the switch frog, a freshly chipped or cut place, as though something had taken a small piece out of it, and the pilot itself bore marks of having been in contact with the rail.

It is the appellant's contention that the evidence leaves the cause of the accident purely speculative and conjectural, furnishing no basis upon which the jury were warranted in finding that it was caused by a negligent act of the appellant. It cannot be successfully disputed, of course, that the jury will not be permitted to enter into the domain of speculation and conjecture in order to find a verdict.  But it seems to us that the evidence here was more direct than the appellant's objection concedes.  The pilot on which St. Germain was riding was fitted for that purpose, and he was expected and invited to ride thereon in the performance of his duties.  It was therefore incumbent upon the appellant to keep the place reasonably safe for that purpose, and it was not keeping it

reasonably safe, or at least it was for the jury to say whether or not it was keeping it reasonably safe, to allow the general equipment of the road to become so far defective as to permit the pilot of the engine to come into contact with the rails when the engine was moved thereover. This clearly was negligence on the part of the appellant.

Whether St. Germain was thrown in front of the pilot by reason of the defect in the general equipment, the evidence is not so direct and certain, and is not free from any possible doubt. We think, however, it was sufficiently certain to warrant the jury in finding that the defect was the cause of the death. The defective equipment, the broken pilot, the position in which St. Germain was standing when the engine started to move, the position in which he was found, the scars on the track and pilot subsequently found, all indicate that St. Germain was thrown in front of the pilot by a jar caused from a contact between the pilot and the track. While it is a sound rule that to sustain a finding that the appellant's negligence was the proximate cause of the injury, the evidence must present something more than a mere possibility or conjecture, it is equally sound that the cause of an accident may be inferred from circumstances. A plaintiff in this character of case is not obligated to establish the material facts essential to a recovery beyond a reasonable doubt. Such a rule would amount to a denial of justice. It is sufficient if his evidence affords room for men of reasonable minds to conclude that there is a greater probability that the accident causing the injury happened in such a way as to fix liability upon the person charged with such liability, than it is that it happened in a way for which the person so charged would not be liable. "There are very few things in human affairs, and especially in litigation involving damages, that can be established to such absolute certainty as to exclude the possibility, or even some probability, that another cause or reason may have been the true cause or reason for the damage, rather than the one alleged by the plaintiff. But such possi-

bility, or even probability, is not to be allowed to defeat the right of recovery, where the plaintiff has presented to the jury sufficient facts and circumstances surrounding the occurrence as to justify a reasonable juror in concluding that the thing charged was the prime and moving cause." In other words, the plaintiff is only required to satisfy the jury, by a fair preponderance of the evidence, that the accident causing the death occurred in the manner he contends it did. We think the evidence here justified such a finding, and that there is no cause for sustaining a challenge to the sufficiency of the evidence.

Finally, it is contended that the verdict is excessive even as reduced by the trial judge. But while there is no certain measure of damages in causes of this character the great weight of authority is that a substantial recovery may be had. *Atkeson v. Jackson Estate,* 72 Wash. 233, 130 Pac. 102. The verdict as reduced is not more than this.

The judgment is affirmed.

CROW, C. J., MAIN, and ELLIS, JJ., concur.

MORRIS, J., concurs in the result.