[No. 25969. *En Banc.* October 26, 1936.]

ANNA MARIE HESSLER, *as Administratrix, Appellant,* v. JAMES MOORE *et al., Respondents.*[1]

[1]Reported in 61 P. (2d) 1001.

*Charles M. Chambers* and *George F. Hannan,* for appellant.

*Ballinger, Hutson & Boldt,* for respondents.

TOLMAN, J.—This is an action to recover for the alleged wrongful death of one John Joseph Hessler, an unmarried man of the age of thirty years. The plaintiff sues as the administratrix of the estate of the deceased for the benefit of herself, as his mother, and also for the benefit of the father and minor sisters and brother, upon the theory that all were dependent for support, in part at least, upon the deceased at and before the time of his death.

The case was tried to a jury, resulting in a verdict in favor of the plaintiff in the sum of $1,504.

The defendants, having made timely motions challenging the sufficiency of the evidence to take the case to the jury, which had been denied, after the verdict moved for a judgment *non obstante veredicto,* which motion was granted. From the judgment dismissing the action, the plaintiff has appealed.

At the time of the happening of the events which are involved, the respondent Bannick was sheriff of King county, respondents Moore and Peterson were his deputies, and the corporate respondent was the surety upon his official bond. The theory upon which the case was instituted and tried was, stated generally, that the officers arrested Hessler without probable cause, detained him for some hours in a place where he was exposed to the inclemency of a winter night, refused his request to be allowed to obtain his overcoat, and as a natural consequence he caught cold and suffered from severe chills; that, though released from the jail in three days' time, his condition continued and progressively grew worse, finally developing into pneumonia which ended in his death.

The respondents' motion for judgment n. o. v. was based upon three grounds: (1) That there was no sufficient evidence of dependency; (2) that there was no evidence of negligence upon the part of the respondent officers; and (3) that the evidence was insufficient to establish a causal relationship between the alleged negligence and the death of Hessler.

The trial court in his memorandum opinion expressed the view that there was some evidence of dependency. He passed the second question, apparently considering it only from the standpoint of the possibility that the jury might find from the evidence that a cold developed as a result of the exposure, without at all deciding whether there was evidence that the officers acted without reasonable care in any respect. The motion was granted upon the third ground, the court holding that there was no sufficient evidence of a causal connection between the exposure and the cold, if any, and the death of Hessler. The order entered was general, specifying no particular ground for the granting of the motion.

We have studied the entire record, and while we think the trial court would have been justified in basing his judgment upon the lack of substantial evidence of dependency and might very well have held, indeed we think should have held, that there was no substantial evidence of any lack of reasonable care upon the part of the officers involved, yet, since we are satisfied that the judgment is likewise sustainable upon the third ground, the other questions need not be discussed.

No good purpose would be served by setting forth and discussing all of the facts bearing, or thought to bear, upon this question. The rule of law has long been settled in this state. Very recently, it was expressed as follows:

"It is undoubtedly true that, in determining the cause of a death for which recovery is sought, the jury may not speculate or conjecture as between several causes. That is to say, where the evidence goes no further than to show that death may have resulted from one of several causes, for one or more of which there is liability, and for another or others of which there is none, then the jury cannot speculate or conjecture and return a verdict as for a cause for which there is liability." *Hill v. Great Northern Life Ins. Co.,* 186 Wash. 167, 57 P. (2d) 405.

The language just quoted may be supplemented by the following:

"A plaintiff in this character of case is not obligated to establish the material facts essential to a recovery beyond a reasonable doubt. Such a rule would amount to a denial of justice. It is sufficient if his evidence affords room for men of reasonable minds to conclude that there is a greater probability that the accident causing the injury happened in such a way as to fix liability upon the person charged with such liability, than it is that it happened in a way for which the person so charged would not be liable." *St. Germain v. Potlatch Lumber Co.,* 76 Wash. 102, 135 Pac. 804.

These two extracts read together seem to fairly state the law on this question.

The appellant failed to produce evidence from which men of reasonable minds might conclude that there was a greater probability that Hessler died from a cause for which there would be liability. Indeed, so far as the evidence distinguishes between several possible causes for the death, it very clearly indicates a cause for which the respondents would not be liable.

The judgment is affirmed.

Millard, C. J., Main, Mitchell, Beals, Blake, Steinert, and Geraghty, JJ., concur.

Holcomb, J., concurs in the result.