[No. 35548.   Department Two.   April 13, 1961.]

CLARENCE WISE, *Respondent,* v. WILLIAM HAYES et al., *Defendants,* WOODS INDUSTRIES, INC., *Appellant.*[*]

*Reported in 361 P. (2d) 171.

*Cheney & Hutcheson,* for appellant.

*Lyon, Kohls & Beaulaurier,* for respondent.

OTT, J.—Woods Industries, Inc., doing business as Crop King Company, manufactures Colloidal DDT-50, a liquid spray material. Clarence Wise purchased a ten-gallon drum of the manufactured product from one of its distributors, William Hayes, doing business as Buena Farmers Supply. The manufacturer's label on the drum contained the following:

"Colloidal DDT-50 is a water suspension of DDT and added stabilizing agents.

"CROP KING COMPOSITION

"Active Ingredients:
    Dichloro-diphenyl-trichloroethane   ...............   40%
    (DDT Setting Point 89°C. Min.)
"Inert Ingredients   ...................................   60%
                                                            ─────
                                                            100%

"(An insecticide—not a drug)
"CONTENTS: 10 gals.

"Seller guarantees the material is true to label, if labeled, but otherwise makes no representation or warranty expressed or implied, and no representative is authorized to do so. The use of this product is always attended with risk of damage and the responsibility for any loss or damage to persons, crops, soil or property must be assumed by the purchaser. Any statements by sales representatives are given as matters of opinion only. If not accepted on these terms the goods must be returned at once. The liability of seller is limited to replacement of material used. The use of said material constitutes acceptance of the above terms. . . .

"Manufactured by CROP KING COMPANY, Yakima, Washington."

Clarence Wise commenced this action against the distributor and the manufacturer, contending that the material in the ten-gallon drum was not true to label; that the manufacturer was negligent in the performance of its duty to a prospective purchaser in that the contents of the drum

were not true to label, and that he relied upon the negligent statement of guarantee and was damaged thereby.

From the judgment entered upon a jury's verdict in favor of the plaintiff and against Woods Industries, Inc., only, the manufacturer has appealed.

Appellant first asserts that the circumstantial evidence was insufficient to support the action, and that the court erred in denying appellant's motion to dismiss.

Respondent's evidence, if believed by the jury, established, *inter alia,* that he purchased the drum of insecticide on or about May 25, 1957; that his orchard and crop were then in excellent condition; that the spray was applied to several acres of trees on May 25th; that by June 4th the remaining contents of the drum had thickened so that it was necessary to add two gallons of water to the insecticide to get the proper consistency for use, and four acres of apricot trees were treated that day; that on June 7th the orchard last sprayed showed evidence of spray damage; that the harvest of the first area sprayed produced excessive culls; that the orchard damage and crop loss were due to the application of the contents of the ten-gallon drum of insecticide; that DDT, as an orchard spray material, is harmless and the safest of all insecticides; that its use had never been known to cause damage to fruit trees or fruit crops; that the manufacturer's seal on the drum had not been broken prior to its being opened for use in the orchard; that the drums used by the manufacturer had previously contained a mopping compound or disinfectant material, and that some foreign substance must have been in the used containers to cause the rapid and unusual decomposition rate of the DDT.

Negligence can be proved by circumstantial evidence. Circumstantial evidence is sufficient to establish a *prima facie* case of negligence, if it affords room for men of reasonable minds to conclude that there is a greater probability that the conduct relied upon was the proximate cause of the injury than there is that it was not. *Mason v. Turner,* 48 Wn. (2d) 145, 291 P. (2d) 1023 (1956); *St. Germain v. Potlatch Lbr. Co.,* 76 Wash. 102, 135 Pac. 804 (1913).

In this regard, respondent's evidence met the above test of evidentiary sufficiency.

Appellant next assigns error to instructions Nos. 11, 12, 13, and 14, all of which relate to the law applicable to appellant's alleged negligent conduct.

Respondent's theory of negligence was within the pleadings and the proof. The instructions properly state the law applicable thereto. We find no merit in these assignments.

Appellant next contends that there was no implied or express warranty as to the contents of the drum, and that the vendor's liability was limited to replacement of materials used.

We do not agree for two reasons: (1) Appellant guaranteed the material in the drum to be "true to label." If it was "true to label," any use made of it was at the user's risk, and the manufacturer's liability would have been limited to replacement. However, the disclaimer had spent its force once the jury found, by its verdict, that the contents of the drum were not "true to label."

(2) The rule that, if there is no contractual privity, there can be no warranty, has three exceptions: (1) Where the article causing the injury is of a noxious or dangerous nature, (2) where fraud or deceit has been shown on the part of the offending party, or (3) where the manufacturer has been negligent in some respect with reference to the sale or construction of an item not imminently dangerous. *Dimoff v. Ernie Majer, Inc.*, 55 Wn. (2d) 385, 389, 347 P. (2d) 1056 (1960).

Respondent's pleadings were predicated upon the third exception to the rule. Although the appellant denied that it was negligent and offered proof to sustain its contention, the jury, in the exercise of its discretion, found as a fact that negligence had been established, and that the contents of the drum were not true to label. Liability follows for violation of the duty that the appellant owed to the purchaser to label properly the products it offered for sale.

We find no merit in appellant's remaining assignments of error.

110

The judgment is affirmed.

MALLERY, DONWORTH, and HUNTER, JJ., concur.

FINLEY, C. J., concurs in the result.

June 19, 1961. Petition for rehearing denied.