[No. 39906.  Department Two.  July 17, 1969.]

JESSE HERNANDEZ, *Respondent*, v. WESTERN FARMERS ASSOCIATION *et al.*, *Appellants*.*

*Merrick, Burgess & Hofstedt, H. J. Merrick,* and *James M. Lindsey,* for appellants.

*Reported in 456 P.2d 1020.

*Perry B. Woodall* and *Elwood Hutcheson,* for respondent.

LEAHY, J.†—Respondent, Jesse Hernandez, brought this action against appellants, Western Farmers Association and Merlin D. Whittle and his wife, to recover for damages suffered to his hop crops as the result of alleged negligence on the part of appellants. Appellants cross-complained, alleging that respondent owed them approximately $3,100.93 for various materials furnished to respondent by the association.

Since this is basically a factual appeal, we will set out the facts at some length. The respondent was contacted by Merlin D. Whittle, a field agent for appellants, in the early part of June, 1965. Whittle, representing appellants, presented himself to respondent as a qualified, experienced insecticide spray expert, that he fully understood proper hopyard insecticide spray practices, and that if respondent purchased insecticide from appellants, Whittle would be responsible for periodically inspecting the yards, setting up a spray program and would advise and direct respondent as to what materials to use, and when and how to use them. Whittle also told respondent that he was rendering similar field services for other large hop ranches.

Hernandez had two hopyards, the Satus yard and the home yard. On approximately June 25, 1965, Whittle advised respondent that both yards should be sprayed and this was done with successful results. Approximately a month later he advised respondent that the Satus hopyard should be "bordered." (This is a method whereby the borders of the yard are sprayed, the spray being blown into the field as far as it will go, which amounts to approximately three rows.) This border spraying proved to be unsuccessful, as shortly thereafter respondent discovered infestation in the inner part of the yard, caused by red spider mites. The infestation did not show at the borders of the yard where the spray had been applied but was found

†Justice Leahy is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amendment 38).

further inside the field where it had not been sprayed. Although the yard was again sprayed, it allegedly proved to be too late to combat the infestation. Whittle admitted that he should have sprayed the entire yard originally.

In August, Whittle advised that the Satus hopyard should be dusted by air and that he would obtain a helicopter for that purpose, which was done.

Approximately 2 weeks later respondent discovered that Whittle was no longer employed by the association. His successor, Robert Verburg, came to the ranch and recommended that the Satus yard again be sprayed, which was done. He also recommended that the home place be sprayed and stated that he would arrange for a helicopter to come out and do the spraying and that he (Verburg) would see that it was done properly. This was not done, however, until approximately 11 days afterwards and the home yard allegedly suffered considerable damage in the interim.

There was expert testimony presented at the trial that these red spider mites will spread over a hopyard in a matter of hours, and that, therefore, time is of the essence in either the spraying or the dusting of hop crops.

It was further generally agreed that the purpose of spraying is to kill the damaging mites, and high on the list of destructive insects are the red spider mites. It was also agreed that not only respondent but hop growers in general who are serviced by such insecticide experts as Whittle and Verburg, receive and follow their expert advice in connection with spray applications.

At harvest time there were about 9 acres at the Satus ranch and 3 acres at the home yard which were not harvested because of alleged insect damage. In addition, some of respondent's crop which was harvested was infested and had to be sold at a reduced price. Respondent suffered further loss when the Federal Hop Marketing Act became effective in 1966. Because respondent had a reduced crop in 1965, his salable allotment under the hop marketing act was decreased for future years.

Finding appellants unsympathetic to his loss, respondent

brought suit which resulted in a jury verdict awarding him $25,026. The appellants were awarded $3,044.63 on their cross-claim. Appellants then moved for judgment n.o.v. or in the alternative for a new trial, which was denied. They now argue that there was insufficient evidence for the jury to find that they negligently breached any duty which might be owing to respondent if there was any duty; that they were not negligent because no guarantee had ever been given to respondent; and that the trial court erred in denying their motion for judgment n.o.v. or a new trial.

■ Whether the trial court should have granted appellants' motion is mainly a question of fact based upon whether the jury's verdict was supported by the record. As we have stated before, we do not retry factual disputes where there is substantial evidence to support the jury's verdict. *McEwen v. Tucci & Sons, Inc.*, 71 Wn.2d 539, 429 P.2d 879 (1967).

We do not agree with appellants that there was insufficient evidence to bring the question of negligence and proximate cause to the jury. There is substantial evidence in the record to show that Whittle agreed to be responsible for the spraying program on respondent's ranches. Whittle admitted that he had been wrong in ordering that the Satus ranch be "bordered" and the record shows that after the bordering was completed the remaining area became infested except for the edges of the field that had been sprayed in the bordering process. It also appears reasonable for the jury to find, under the evidence, that the reason the home ranch became infested in August was because of the approximate 11 day delay in furnishing the helicopter spray service when it was known that spraying was needed, and that the red spider is no respector of such delays. In addition, Verburg, Whittle's successor, told respondent that he would be responsible for seeing that the property was properly sprayed.

■ Negligence and/or proximate cause, including the geographical location of the damage, may be shown by circumstantial evidence and the standard of proof is a "greater probability" that the conduct in question was the

proximate cause of the damages "than there is that it was not." *Wise v. Hayes*, 58 Wn.2d 106, 361 P.2d 171 (1961). In *Wise*, this court held at 108-09:

> Negligence can be proved by circumstantial evidence. Circumstantial evidence is sufficient to establish a *prima facie* case of negligence, if it affords room for men of reasonable minds to conclude that there is a greater probability that the conduct relied upon was the proximate cause of the injury than there is that it was not. *Mason v. Turner*, 48 Wn. (2d) 145, 291 P. (2d) 1023 (1956); *St. Germain v. Potlatch Lbr. Co.*, 76 Wash. 102, 135 Pac. 804 (1913). In this regard, respondent's evidence met the above test of evidentiary sufficiency.

We think the record amply supports that there was a duty owed to respondent by appellants, and that appellants negligently failed to properly perform that duty, and that such negligence was the proximate cause of the respondent's damage. Inasmuch as the record substantiates the verdict of the jury we hold that the trial court properly denied the appellants' motion for judgment n.o.v. or in the alternative a new trial.

Error is also assigned to instruction No. 8 in which the jury was told:

> You are instructed that if you find from a fair preponderance of the evidence in this case that during the 1965 hop season the defendants assumed the responsibility of arranging for and furnishing a helicopter spraying service for the plaintiff's hop ranch and that the defendants agreed to do so, and that the plaintiff relied upon the defendants to do so, and that the defendants negligently and carelessly failed to do so, or negligently and carelessly delayed in doing so, and if you find that such failure or delay of the defendants in doing so proximately caused damage to the plaintiff's hop crop, without contributory negligence on the part of the plaintiff, then your verdict should be in favor of the plaintiff and against the defendants for the damages caused thereby.

In connection with the above instruction, appellants argue that there was insufficient evidence to show that any damage was done by the delay in the helicopter dusting and that there was insufficient evidence to show where the

damaged area was located, and that, consequently, this instruction constituted a comment on the evidence.

As we stated above, the record more than substantiates that it was the negligence of the appellants which caused respondent's loss, even though it is mainly shown by circumstantial evidence. This issue was raised in the trial and was in factual dispute. The instruction is a proper one, outlining to the jury what they must find if they hold that the appellants' alleged negligence proximately caused the damage and is in no way a comment on the evidence. The issues of fact were properly left to the jury to decide.

Appellants also assign error to instruction No. 9, in which the jury was told:

> You are instructed that if you find from a fair preponderance of the evidence in this case that on or about July, 1965, the defendant, Merlin D. Whittle, acting as fieldman for the defendant, Western Farmers Association, negligently and carelessly advised and recommended to the plaintiff that he use spray materials purchased by him from the defendant Association to spray only the borders of the hopyard, rather than the entire hopyard, and that the plaintiff relied upon the said recommendation of the defendants and in reliance thereon sprayed only the borders of the hopyard, and if you further find that the failure to spray the said entire hopyard proximately caused damage to the plaintiff's hop crop, without contributory negligence on the part of the plaintiff, then your verdict should be in favor of the plaintiff and against the defendants for the damages caused thereby.

Testimony at the trial disclosed that Whittle, as an agent of appellants, advised the bordering of the yard; that this was done on his advice; that the remainder of the yard later became seriously infected; and that Whittle admitted he had been in error not to have sprayed the entire field. Therefore, the above instruction was entirely proper and a correct statement of the law upon which the jury could determine the issues of fact as to the alleged negligence of appellants and proximate cause of the damages.

The judgment is affirmed.

HUNTER, C. J., FINLEY, ROSELLINI, and NEILL, JJ., concur.