# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CHARLES PAMPLIN, )
) No. 75634-6-I
    Respondent Cross-Appellant, )
) DIVISION ONE
    v. )
) UNPUBLISHED OPINION
SAFWAY SERVICES, LLC, a Delaware )
corporation, )
)
    Appellant Cross-Respondent, )
)
PARKER DRILLING MANAGEMENT )
SERVICES, INC., a Nevada corporation;)
PARKER TECHNOLOGY, INC., )
an Oklahoma corporation; PARKER )
DRILLING COMPANY, a Delaware )
corporation; THOMPSON METAL )
FAB, INC., an Oregon corporation, )
)
                Defendants. ) FILED: April 17, 2017

TRICKEY, A.C.J. — Safway Services, LLC, appeals the jury's verdict against it based on Charles Pamplin's negligence claim. Safway contends the trial court erred by denying its motions for judgment as a matter of law because Pamplin did not provide evidence of proximate cause. Safway also requests a new trial because the trial court failed to give its requested superseding cause instruction. There was sufficient evidence that Safway's negligent construction of the scaffold proximately caused Pamplin's injury. The trial court properly denied Safway's request for a superseding cause instruction because the record does not support such an instruction. We affirm.

## FACTS

Parker Drilling Company (Parker) was the general contractor for a project building oil rigs in Vancouver, Washington. Parker hired Safway Services, LLC as a subcontractor to construct, maintain, and dismantle scaffolds at the work site.

On December 14, 2010, a Safway scaffold crew began to construct the scaffold at issue. The scaffold was built to about 11 feet high before Parker called the Safway crew away. The scaffold was 2 feet wide at the base and 11 feet high and was not secured to the oil rig structure, in violation of the Washington Administrative Code (WAC).[1]

When the Safway crew left, they had removed the access ladder but failed to mark the scaffold with a red tag or any other warning sign, which would have indicated it was not ready for use. This was a violation of Safway's safety and health procedure manual and policy. But the crew did not mark the scaffold with a green tag, which would have indicated that it was safe to use.[2]

The Safway crew did not do further work on the scaffold that day and left the work site around 4:30 p.m. Parker's rig manager, Randy Nix, testified there was red barricade tape around the scaffold and that it did not have a tag or ladder when he observed it between 4:30 p.m. and 5:00 p.m.

Charles Pamplin arrived at the work site with Albert Scott after 6:00 p.m. They saw a 3-foot long access ladder section and a green tag affixed to the scaffold, but did not see any red barricade tape. Pamplin and Scott could access

---

[1] WAC 296-874-20002, 40004.
[2] There was conflicting testimony below regarding whether the scaffold was surrounded by red barricade tape. See, e.g., 1 Report of Proceedings (RP) (July 6, 2015) at 92, cf. 2 RP (July 7, 2015) at 164.

2

the partial ladder section by climbing onto a tire placed near it. Assuming the scaffold was ready for use, Pamplin and Scott began to work on it around 6:30 p.m. Pamplin and Scott primarily used a man-lift to access the scaffold, and Pamplin used the ladder section twice prior to their midnight lunch break.

Following his midnight lunch break, Pamplin returned to the scaffold to retrieve a jacket that he had left behind on it and began to climb the partial ladder. The scaffold tipped over and the fall injured Pamplin.

Pamplin sued Safway for his injury, alleging that Safway "negligently failed to properly erect, secure, and maintain scaffolding" at the work site.[3] Safway argued at trial that an unknown third party had altered the signals on the scaffold after the Safway crew had left it and, therefore, it was not responsible for Pamplin's injury.

Before the case was submitted to the jury, Safway moved for judgment as a matter of law, arguing that Pamplin had failed to introduce sufficient proximate cause evidence linking Safway's alleged negligence and Pamplin's injury. The trial court denied Safway's motion.

Safway requested that the trial court include superseding cause language in its proximate cause instruction to the jury. Safway argued that its theory that third parties altered the scaffold warranted a superseding cause instruction, and that the Safway crew could not have foreseen other parties altering the scaffold's marking. The trial court denied Safway's request to instruct the jury on superseding causes.

---

[3] Clerk's Papers (CP) at 6.

The jury returned a verdict in favor of Pamplin for $947,285.00, with fault attributed 35 percent to Pamplin and 65 percent to Safway. The verdict was reduced by 35 percent for a total of $615.735.25. The trial court denied Safway's renewed motion for judgment as a matter of law or a new trial. Safway appeals.[4]

## ANALYSIS

### Judgment as a Matter of Law

Safway argues that the trial court erred by denying its motions for judgment as a matter of law. Safway contends that no evidence supports a reasonable inference that Safway proximately caused Pamplin's injury.[5] We disagree.

The civil rules set out the standard for granting a motion for judgment as a matter of law:

> If, during a trial by jury, a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find or have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against the party on any claim, counterclaim, cross claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.

CR 50(a)(1). A party may move for judgment as a matter of law at any time before submission of the case to the jury. CR 50(a)(2). If the trial court denies the motion, the party may request a new trial if the appellate court concludes that the trial court erred in denying the motion for judgment as a matter of law. CR 50(d).

---

[4] Charles Pamplin filed a cross-appeal, but has not offered any supporting arguments in his brief. Thus, we treat his cross-appeal as abandoned.

[5] Safway also argues that the trial court's oral ruling on its motions for judgment as a matter of law were legally deficient. An assignment of error to an oral statement of the trial court is not a proper assignment of error. Jones v. Nat'l Bank of Comm., 66 Wn.2d 341, 344, 402 P.2d 673 (1965). Safway improperly assigns error to the trial court's statements explaining its reasoning in denying Safway's motions for judgment as a matter of law. Such statements are not available as grounds for assignments of error.

A renewed motion for judgment as a matter of law may be granted when, viewing the evidence and reasonable inferences therefrom in favor of the nonmoving party, the court concludes that no substantial evidence supports the jury's verdict. Cowsert v. Crowley Maritime Corp., 101 Wn.2d 402, 405, 680 P.2d 46 (1984). "Evidence is substantial if it would convince an unprejudiced, thinking mind of the truth of the declared premise." Cowsert, 101 Wn.2d at 405.

In reviewing a trial court's decision regarding a judgment notwithstanding the verdict, we apply the same standard as the trial court. Goodman v. Goodman, 128 Wn.2d 366, 371, 907 P.2d 290 (1995). The reviewing court's inquiry is limited to whether the evidence presented below was sufficient to sustain the jury's verdict. Indus. Indem. Co. v. Kallevig, 114 Wn.2d 907, 915-16, 792 P.2d 520 (1990).

The trial court denied both Safway's initial motion for judgment as a matter of law prior to the jury's verdict and its renewed motion. In both motions, Safway argued that Pamplin failed to meet his evidentiary burden to prove proximate cause because he did not offer evidence showing that Safway marked the scaffold as ready for use.

In order to prevail on a negligence claim, the plaintiff must establish the existence of a duty, a breach of that duty, and a resulting injury. Schooley v. Pinch's Deli Market, Inc., 134 Wn.2d 468, 474, 951 P.2d 749 (1998). The claimed breach of duty must be a proximate cause of the resulting injury for legal liability to attach. Pratt v. Thomas, 80 Wn.2d 117, 119, 491 P.2d 1285 (1971); Ferrin v. Donnellefeld, 74 Wn.2d 283, 285, 444 P.2d 701 (1968).

Proximate causation requires a reasonable connection between the act or omission of the defendant and the injury suffered by the plaintiff. Rucshner v. ADT, Sec. Sys., Inc., 149 Wn. App. 665, 686, 204 P.3d 271 (2009); Riojas v. Grant County Pub. Util. Dist., 117 Wn. App. 694, 697, 72 P.3d 1093 (2003). Proximate causation requires both factual and legal causation. Hartley v. State, 103 Wn.2d 768, 777, 698 P.2d 77 (1985). Factual causation involves a determination of some physical connection between an act and an injury, and is generally left to the jury. Schooley, 134 Wn.2d at 478. Legal causation is determined by the court, which evaluates "whether, as a matter of policy, the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability." Schooley, 134 Wn.2d at 478-79.

Therefore, whether proximate causation exists is a "mixed question of law and fact." Rucshner, 149 Wn. App. at 686 (holding whether employer's failure to conduct a criminal background check proximately caused child rape was a question for the jury); Rasmussen v. Bendotti, 107 Wn. App. 947, 959, 29 P.3d 56 (2001) (trial court properly dismissed claim where alleged negligence was not proximate cause of death).

Negligence can be proven by circumstantial evidence, even without any direct eyewitness testimony. Wise v. Hayes, 58 Wn.2d 106, 108, 361 P.2d 171 (1961); Gerard v. Peasley, 66 Wn.2d 449, 456, 403 P.2d 45 (1965). But speculation cannot replace proof, and a verdict unsupported by evidence is vulnerable to a renewed motion for judgment as a matter of law. Galloway v.

United States, 319 U.S. 372, 395, 63 S. Ct. 1077, 87 L. Ed. 1458 (1943); Moore v. Chesapeake & O. Ry. Co., 340 U.S. 573, 578, 71 S. Ct. 428, 95 L. Ed. 547 (1951).

Here, the jury could find that Safway's conduct was a proximate cause of Pamplin's injury based on the physical, circumstantial, and testimonial evidence offered by the parties. The parties agree that the scaffold was erected in a way that rendered it unsafe for use at the time Pamplin encountered it. The scaffold was too narrow and should have been secured in order to comply with applicable WAC provisions.[6] Also, Safway workers left the scaffold before it was completed and did not return to finish its construction or securement. Expert testimony was presented that the scaffold was left in a defective and hazardous condition and was not tied, guyed, or braced, which made it tip over when Pamplin climbed it.

The jury could have found that the hazardous condition of the scaffold was a cause of Pamplin's injury based on the physical and testimonial evidence he submitted. Pamplin did not need to provide evidence about the state of the signals on the scaffold when it was left by the Safway workers or observed by Nix to establish proximate causation. Therefore, the jury could find that the hazardous nature of the scaffold alone was a direct cause of Pamplin's injury. This physical and testimonial evidence is sufficient to establish proximate cause.

Safway argues that Pamplin failed to bridge a gap between Safway's negligence and his injury because Pamplin did not show that Safway was responsible for the signals indicating the scaffold was ready. Safway contends

---

[6] See, e.g., WAC 296-874-20002 (requiring that scaffolds are properly designed and constructed); see also WAC 296-874-40004 (scaffolds with a height to least base dimension ratio of greater than four to one must be guyed, tied, braced, or equivalently secured to prevent tipping).

that the signals alone were the proximate cause of Pamplin's injury because they caused Pamplin to climb the scaffold. Safway relies on the uncontroverted testimony of the Safway crew and Nix. The Safway workers testified that they did not leave a ladder section or a green tag, and Nix testified that there was red barricade tape around the scaffold after the Safway crew had left for the day.

Safway's argument ignores that its negligent construction of the scaffold was a proximate cause of Pamplin's injury, regardless of the signals placed on it. There may be more than one proximate cause of an injury, and the concurring negligence of a third party does not necessarily break the causal chain. Smith v. Acme Paving Co., 16 Wn. App. 389, 396, 558 P.2d 811 (1976). Safway's duties to Pamplin included properly constructing and securing the scaffold, and using appropriate signaling to warn that the scaffold was not ready for use. Even if Safway did not breach its duty to indicate that the scaffold was not ready for use, the jury could find that its negligent construction of the scaffold was a proximate cause of Pamplin's injury. Expert testimony established that the scaffold's improper construction and lack of securing, which violated WAC provisions designed to ensure safety, caused the scaffold to tip over when Pamplin climbed it.

The physical and circumstantial evidence offered was sufficient to support the jury's verdict that Safway's negligence proximately caused Pamplin's injury. The trial court properly submitted the question of proximate causation to the jury for its determination of whether cause in fact existed based on the testimonial and physical evidence submitted to it by the parties.

8

## Superseding Cause Jury Instruction

Safway argues the trial court erred as a matter of law by denying its request to instruct the jury on superseding cause. Safway argues that it was prejudiced because the jury could not properly consider Safway's superseding cause theory. Because instruction 16 correctly instructed the jury on proximate cause and the record does not support an instruction on superseding cause, we affirm.

Jury instructions are sufficient if they permit the parties to argue their theories of the case, are not misleading, and when read as a whole, properly inform the trier of fact of the applicable law. Douglas v. Freeman, 117 Wn.2d 242, 256-57, 814 P.2d 1160 (1991). If the trial court's jury instructions are sufficient, the court is not required to provide a party's proposed instruction, even though that instruction may be an accurate statement of the law. City of Seattle v. Pearson, 192 Wn. App. 802, 820-821, 369 P.3d 194 (2016).

A party is entitled to have its theory of the case submitted to the jury under appropriate instructions when the theory is supported by substantial evidence. Little v. PPG Indus., Inc., 19 Wn. App. 812, 823, 825, 579 P.2d 940 (1978), aff'd in part, 92 Wn.2d 118, 594 P.2d 911 (1979). "Evidence is substantial if it would convince an unprejudiced, thinking mind of the truth of the declared premise." Jefferson County v. Seattle Yacht Club, 73 Wn. App. 576, 588, 870 P.2d 987 (1994). "'If a given set of facts supports two or more theories of law, the court must instruct on all the theories to which the facts pertain.'" Hester v. Watson, 74 Wn.2d 924, 929, 448 P.2d 320 (1968) (quoting Harris v. Fiore, 70 Wn.2d 357, 360, 423 P.2d 63 (1967)). Failure to permit instructions on a party's theory of the case,

9

where there is evidence supporting the theory, is reversible error. State v. Williams, 132 Wn.2d 248, 259-60, 937 P.2d 1052 (1997) (citing State v. Griffin, 100 Wn.2d 417, 420, 670 P.2d 265 (1983)).

A superseding cause is an act of a third person that prevents the original actor from being liable for harm to another, although his antecedent negligence is a substantial factor in bringing about the harm. Campbell v. ITE Imperial Corp., 107 Wn.2d 807, 812, 733 P.2d 969 (1987) (quoting RESTATEMENT (SECOND) OF TORTS § 440 (AM. LAW INST. 1965)). But an intervening act which could be reasonably anticipated by the wrongdoer does not supersede the original negligence. Acme Paving Co., 16 Wn. App. at 397; Ward v. Arnold, 52 Wn.2d 581, 584, 328 P.2d 164 (1958).[7] Reasonable foreseeability does not require that the precise manner or sequence of events in which a plaintiff is harmed be foreseeable. Anderson v. Dreis & Krump Mfg. Corp., 48 Wn. App. 432, 443, 739 P.2d 1177 (1987). Even if the intervening act of the third person was negligent, if the original actor should have realized that the third person would be negligent the act does not become a superseding cause. Campbell, 107 Wn.2d at 813. "'If the likelihood that a third person may act in a particular manner is . . . one of the hazards which makes the actor negligent, such an act[,] whether innocent, negligent, intentionally tortious, or criminal[,] does not prevent the actor from being

---

[7] Safway offers Qualls v. Golden Arrow Farms, Inc., 47 Wn.2d 599, 288 P.2d 1090 (1955), to argue that the issue of foreseeability of an intervening act merited a superseding cause instruction and should have been determined by the jury. In Qualls, the issue presented concerned the wording of a superseding cause jury instruction, rather than whether a superseding cause instruction was appropriate. 47 Wn.2d at 602-04. Because a superseding cause was not merited under the Restatement factors, we do not have to reach this issue.

10

liable for harm caused thereby.'" Campbell, 107 Wn.2d at 813 (first alteration in original) (quoting RESTATEMENT (SECOND) OF TORTS § 449). Further, a superseding cause jury instruction is inappropriate if the original negligence was one of the actual causes of the resulting harm. Egede-Nissen v. Crystal Mountain, Inc., 21 Wn. App. 130, 142-43, 584 P.2d 432 (1978), aff'd and modified, 93 Wn.2d 127, 606 P.2d 1214 (1980).

Relevant considerations in determining whether an intervening act was a superseding cause are "whether (1) the intervening act created a different type of harm than otherwise would have resulted from the actor's negligence; (2) the intervening act was extraordinary or resulted in extraordinary consequences; (3) the intervening act operated independently of any situation created by the actor's negligence." Campbell, 107 Wn.2d at 812-13 (emphasis omitted); accord Herberg v. Swartz, 89 Wn.2d 916, 927-28, 578 P.2d 17 (1978); RESTATEMENT (SECOND) OF TORTS § 442.

Safway requested the following jury instruction, which included superseding cause:

> The term "proximate cause" means a cause which in a direct sequence unbroken by any superseding cause, produces the injury complained of and without which such injury would not have happened.[8]

The trial court did not err as a matter of law in refusing to instruct the jury on superseding cause. Safway's theory of the case was that a third party altered the signals on the scaffold, falsely indicating that it was ready to use. This was not a superseding cause under the Restatement factors. First, the alleged intervening

---

[8] CP at 258.

11

act did not produce a different type of harm than otherwise would have resulted from Safway's negligent construction of the scaffold. The nature of the signals attached to the scaffold at the time a person climbed it did not alter the type of harm that was likely to result from Safway's negligently constructed scaffold tipping over.[9]

Second, the alleged intervening act was not extraordinary and did not result in extraordinary circumstances. The Safway crew members testified that they removed the ladder and did not place a green tag on the scaffold, which should have signaled to other workers not to use the scaffold. The possibility that other workers altered the signals on the scaffold is insufficient to require a superseding cause instruction. The likelihood that a third party would alter the signals on the scaffold was one of the possibilities that made Safway's leaving the scaffold in a dangerously unsecured and hazardous condition negligent. Further, a third party's altering of the signals was reasonably foreseeable and would not supersede Safway's original negligence of constructing a hazardous scaffold and failing to secure it.

Third, the alleged intervening act of a third party altering the signals on the scaffold did not operate independently of Safway's negligent construction of the scaffold. A third party altering the signals attached to the scaffold would make it

---

[9] Safway argues that Albertson v. State, 191 Wn. App. 284, 361 P.3d 808 (2015), merits reversal. In Albertson, the trial court erred in instructing on superseding cause because the harm suffered was the same and, therefore, was foreseeable as a matter of law. 191 Wn. App. at 298. Safway argues that it did not have a duty to monitor the scaffold and, therefore, any third party alteration was not foreseeable as a matter of law. This ignores that the harm suffered (Pamplin's injury) would have been the same regardless of the signals placed on the scaffold, as a proximate cause was the scaffold being hazardous and unsecured.

more likely that someone would use the scaffold. Using the scaffold was dangerous because Safway constructed the scaffold negligently. Both acts contributed to the risk of the same harm: that the scaffold would tip over when someone was using it, and that the person would be injured.

Finally, Safway's original negligence in constructing the scaffold and leaving it unsecured was an actual cause of Pamplin's injury. Expert testimony established that the scaffold was left in a hazardous and unsecured condition, which caused the scaffold to tip over when Pamplin climbed it. A superseding cause was inappropriate because Safway's negligence in constructing a hazardous scaffold and failing to secure it was an actual cause of Pamplin's injury.

In sum, the Restatement factors, as adopted by Washington courts, do not support Safway's argument that the evidence presented warranted a superseding cause instruction. The trial court did not err as a matter of law in refusing to instruct the jury on superseding cause.

Safway argues that it did not have a duty to prevent third parties from altering its scaffold and, therefore, any unauthorized alteration was a superseding act that caused a harm Safway was not tasked with preventing. This is incorrect. Safway had two duties: (1) to properly construct and secure the scaffold, and (2) to warn others that the scaffold was not ready to use by affixing the proper signals. Even assuming that the red barricade tape allegedly placed on the scaffold should have been sufficient to warn others to not use the scaffold, Safway breached its duty of care when it left the scaffold in a hazardous and unsecured condition. This could reasonably be found to be an original cause of Pamplin's injury.

13

Affirmed.

_Trickey, ACJ_

WE CONCUR:

_Leach, J_                    _Appelwick, J_