[No. 409-1.    Division One—Panel 2.    February 8, 1971.]

PACIFIC INDEMNITY GROUP, *Respondent,* v. DONALD R. WATLAND *et al., Appellants.*

*Merrick, Burgess & Hofstedt, Roland Hofstedt,* and *Linda L. Dawson,* for appellants.

*Guttormsen, Scholfield, Willits & Ager* and *David L. Ashbaugh,* for respondent.

FARRIS, A.C.J.—On June 1, 1968, in Seattle, Washington, Donald R. Watland was traveling eastbound on N.E. 56th Street, and Calmer P. Peterson (insured by Pacific Indemnity Group) was traveling northbound on 12th N.E. They collided at the uncontrolled intersection of the two streets. Mr. Peterson's vehicle careened into two parked vehicles. Following inquiries from the insurance commissioner, Pacific Indemnity paid the owners of the two parked vehicles for their damages and took assignments of their causes of action against Mr. Watland. This action followed. The court held that Mr. Watland, the disfavored driver, was negligent in the manner in which he entered the intersection. Mr. Watland appeals.

Mr. Watland contends that he was easing into a blind intersection to observe what traffic might be approaching and that the trial court erred in holding that he was negligent. He relies upon *O'Brien v. Artz*, 74 Wn.2d 558, 445 P.2d 632 (1968). There the court held that a disfavored driver might properly proceed into an intersection in order to observe approaching traffic. The court also held that it was a question of fact as to whether the disfavored driver's conduct was reasonable with regard to the manner in which he entered the intersection and the distance traveled therein. Mr. Watland and Mr. Peterson collided in the middle of the intersection, some 12.6 feet from the curb. Since the record supports the trial court's resolution of this factual issue against Mr. Watland, it will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Mr. Watland also argues that the payments to the owners of the two vehicles which were parked along the street rendered Pacific Indemnity a volunteer; therefore, the assignments are invalid and Pacific Indemnity is not entitled to indemnity. We disagree.

In *Clow v. National Indem. Co.*, 54 Wn.2d 198, 208, 339 P.2d 82 (1959) the court noted:

If the insurer is subject to suit if it does not pay, regardless of the existence of other valid and collectible

insurance, then it cannot be said that the payment is voluntary, or that the right to recover contribution is lost.

If Pacific Indemnity had not paid the owners of the damaged vehicles, their insured, Mr. Peterson, would have been subject to suit. Pacific Indemnity was not a volunteer.

■ A tort claim for damages to property is assignable. *Cooper v. Runnels,* 48 Wn.2d 108, 291 P.2d 657, 57 A.L.R.2d 597 (1955).

The judgment is affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied March 9, 1971.