[No. 10519–1–I.   Division One.   July 25, 1983.]

GEORGE DENNIS, ET AL, *Plaintiffs*, v. MERLIN HEGGEN,
ET AL, *Appellants*, CENTURY 21–FLOWERS
REALTY, INC., *Respondent*.

*James J. Keesling,* for appellants.

*David G. Laidman, Nathan Neiman,* and *Ray M. Dunlap,* for respondent.

CORBETT, J.—Defendants, Merlin and Dora Heggen (Heggen) appeal dismissal of their third party complaint against Century 21–Flowers Realty, Inc. (Flowers), pursuant to CR 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm.

Plaintiffs George and Marge Dennis (Dennis), vendor, signed an earnest money agreement with Heggen, vendee, for the sale and purchase of a house and 5–acre tract. Heggen was given immediate possession under a rental agreement pending closing. Dennis brought this action against Heggen for monetary damages, alleging breach of contract and damage to the premises. Heggen responded with a counterclaim against Dennis and a third party complaint against Flowers, the listing broker, Braillard, the selling agent, and Kelly Realty, Inc., the selling broker.

Flowers moved to dismiss, pursuant to CR 12(b)(6), for failure to state a claim upon which relief could be granted. Heggen failed to respond and the trial court granted the motion to dismiss the third party complaint as to Flowers. Heggen's subsequent motion to vacate the order of dismissal was denied. Heggen appeals the dismissal and the order denying the motion to vacate.

Flowers contends the order denying the motion to vacate was an agreed order and thus is not appealable. It is undisputed that the trial court denied the motion to vacate but agreed to modify the order of dismissal by deleting the words "with prejudice" if Heggen paid terms of $250. Following this ruling, the parties negotiated the wording of the written order, resulting in the order here appealed. Nothing on the face of the order indicates that it was an agreed order and Heggen's attorney signed the order "notice of presentation waived." The order of dismissal and/or the

order denying Heggen's motion to vacate dismissal are, therefore, not agreed orders and are appealable. The propriety of the order of dismissal and denial of the motion to vacate is properly before us.

A CR 12(b)(6) motion must be denied unless it appears the plaintiff could prove no set of facts consistent with the complaint which would entitle him to relief. *Halvorson v. Dahl,* 89 Wn.2d 673, 674, 574 P.2d 1190 (1978). The factual allegations of the complaint must be accepted as true for the purposes of the motion. *Corrigal v. Ball & Dodd Funeral Home, Inc.,* 89 Wn.2d 959, 961, 577 P.2d 580 (1978).

In his third party complaint, Heggen alleged that Flowers, Kelly and Braillard were all agents of Dennis. Heggen also alleged that all interest of Heggen was assigned to Braillard, who agreed to indemnify Heggen against any possible legal action. The trial court dismissed the complaint based on Heggen's assignment.

CR 17(a) provides that every action shall be brought in the name of the real party in interest. Under this rule, an action may be brought only by the person who is entitled to enforce the right. The civil rules do not contain a specific procedure for raising an objection that the plaintiff is not the real party in interest, nor do they indicate when the challenge should be made. However, since the objection is in the nature of a defense, it is properly the basis of a CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. 6 C. Wright & A. Miller, *Federal Practice* § 1554 (1971).

Heggen's interest, whether grounded in contract or tort, was an assignable interest. *See Robbins v. Hunts Food & Indus., Inc.,* 64 Wn.2d 289, 294, 391 P.2d 713 (1964); *Pacific Indem. Group v. Watland,* 4 Wn. App. 225, 227, 480 P.2d 510 (1971); *Kane v. Klos,* 50 Wn.2d 778, 785, 314 P.2d 672 (1957). Heggen admits that the statement "all interest of Heggen" is unclear, but argues that the appropriate remedy was a motion for a more particular statement. Since Heggen filed no papers in opposition to Flowers' motion to

dismiss and failed to appear at the time the matter was originally argued, the trial court properly determined the matter on the basis of the papers filed. King County Local Rule 5(d)(1)(1b). The allegation of assignment in the complaint is unlimited and unambiguous. Accepting this allegation as true for purposes of the motion, any cause of action against Flowers was assigned by Heggen to Braillard. Thus, Heggen could prove no set of facts which would entitle him to relief against Flowers. The trial court did not err in granting the motion to dismiss.

Flowers also argues that the dismissal was proper because the complaint failed to allege all the requirements of fraud and failed to allege that Flowers, as an agent for a disclosed principal, exceeded his authority. We need not address these two theories since we conclude dismissal was proper based on the assignment.

Affirmed.

ANDERSEN, C.J., and RINGOLD, J., concur.

Reconsideration denied September 29, 1983.

Review denied by Supreme Court December 16, 1983.