# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| FRED PALIDOR, | No. 68112-5-I |
| Appellant, | DIVISION ONE |
| v. | |
| DAVID HOVDE; HARVEY and JUDITH FLAX LIVING TRUST; JUDITH FLAX and HARVEY FLAX, and their marital community; KEYWEST LOCK SERVICE, INC.; GREGORY PURCELL and JANE DOE PURCELL, and their marital community, | UNPUBLISHED |
| | FILED: March 18, 2013 |
| Respondents. | |

COURT OF APPEALS DIV I STATE OF WASHINGTON FILED 2013 MAR 18 AM 9: 36

COX, J. — "Every action shall be prosecuted in the name of the real party in interest."[1] There may be multiple real parties in interest in a particular case.[2] In such a case, the failure to join all real parties in interest is subject to objection by the defendant or defendants.[3] Such a timely objection, without joinder of all real parties in interest, may subject the action to dismissal.[4]

---

[1] CR 17(a).

[2] Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 716, 899 P.2d 6 (1995).

[3] Id.

[4] See id.

Here, Fred Palidor is the sole named plaintiff. Nancy Taylor, her corporation (Dream on Futon Co.), and the trustee for Taylor's bankruptcy estate are not named. The defendants timely objected, based on CR 17(a). We hold that Palidor failed to name as plaintiffs all real parties in interest, and the trial court did not abuse its discretion in dismissing this case. We affirm.

The material facts of this case are largely undisputed. Nancy Taylor is the sole owner and officer of Dream on Futon Co., a Washington corporation doing business in Bellingham. She entered into a written commercial lease on behalf of this corporation in 2004. The lease requires disputes between the parties to be addressed through arbitration, except for actions under the unlawful detainer statute.

In 2005, the Harvey and Judith Flax Living Trust (the "Trust") purchased the building housing the leased premises. The Trust is the assignee of the former owner's interest in the lease. David Hovde manages the commercial property on behalf of the Trust.

A dispute arose between the parties to the lease over payment of rent. On May 13, 2010, Hovde called Taylor and told her that he was going to change the locks on the leased premises and would not let her re-enter unless she paid at least $20,000 of the claimed back rent. Taylor claims that she told Hovde that his actions were illegal and demanded access to the property.

Thereafter, Hovde had a locksmith from KeyWest Lock Services, Inc. change the locks to the property. Taylor and her husband, Fred Palidor, went to the property and encountered Hovde.

2

Palidor claims that Taylor was distraught and he was concerned for her welfare, so he negotiated to pay Hovde $10,000 for Taylor's reentry onto the property. Palidor obtained a cashier's check made payable to "Dream on Futon Company." Taylor endorsed the check to "Harvey and Judith Flax." Hovde then let Taylor back on the property.

The parties continued to negotiate over the lease, but they did not come to any agreement. In June 2010, Taylor filed for individual bankruptcy protection.

In December 2010, Palidor, as the sole plaintiff, commenced this action against Hovde, the Trust, Judith Flax, Harvey Flax and their marital community (collectively "Hovde"). He also joined KeyWest Lock Service, Inc. and its owner Gregory Purcell, Jane Doe Purcell, and their marital community (collectively "KeyWest"), as defendants. Palidor's three claims all arise from the May 2010 lockout: (1) unjust enrichment, (2) Consumer Protection Act violation, and (3) civil conspiracy. He seeks damages and an award of attorney fees.

Eleven months later, Hovde moved to dismiss the action, claiming that Palidor was not the real party in interest for any of his three claims under CR 17(a). It appears that KeyWest joined in the motion. After hearing oral argument 28 days later, the trial court granted the motion, dismissing with prejudice all claims against Hovde and KeyWest.

Palidor appeals.

## STANDARD OF REVIEW

A CR 12(b)(6) motion to dismiss alleges that the opposing party has failed to state a claim upon which relief can be granted. An appellate court treats such

3

a motion as a motion for summary judgment "when matters outside the pleading are presented to and not excluded by the court."[5] When reviewing an order of summary judgment, an appellate court engages in the same inquiry as the trial court.[6] Thus, we consider the facts in the light most favorable to the nonmoving party.[7] Summary judgment is appropriate only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.[8] We review de novo a trial court's grant of summary judgment.[9]

CR 17(a) requires that the party who commences an action be a real party in interest. There may be multiple real parties in interest in a particular case.[10] Under CR 17(a), a defendant may move to dismiss the action on the basis that the plaintiff is not a real party in interest.[11] Likewise, a defendant may also move to dismiss on the basis that not all real parties in interest are plaintiffs.[12]

---

[5] Sea-Pac Co., Inc. v. United Food and Commercial Workers Local Union 44, 103 Wn.2d 800, 802, 699 P.2d 217 (1985).

[6] Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 381, 46 P.3d 789 (2002).

[7] Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 70, 170 P.3d 10 (2007).

[8] CR 56(c).

[9] Indoor Billboard/Wash., Inc., 162 Wn.2d at 69.

[10] Nw. Indep. Forest Mfrs., 78 Wn. App. at 716.

[11] Dennis v. Heggen, 35 Wn. App. 432, 434, 667 P.2d 131 (1983).

[12] See Nw. Indep. Forest Mfrs., 78 Wn. App. at 716.

Accordingly, we review de novo a trial court's determination of who the real parties in interest are in a case. But whether the trial court properly dismisses a case or allows joinder, ratification, or substitution following such a determination is a different question. The trial court's application of these curative procedures of CR 17(a) is reviewed for abuse of discretion.[13]

We may affirm on any ground supported by the record whether or not the trial court considered that ground.[14]

## REAL PARTIES IN INTEREST

Palidor argues that the trial court erred when it dismissed his three claims on the basis that he was not a real party in interest. Hovde argues that the real party in interest is Taylor, Dream on Futon, or Taylor's bankruptcy trustee.[15] Hovde maintains that Palidor is not a real party in interest.

At the outset, it appears that the trial court dismissed this action on the basis that Palidor was not a real party in interest. For purposes of our analysis,

---

[13] Sprague v. Sysco Corp., 97 Wn. App. 169, 171, 982 P.2d 1202 (1999) (holding that "[d]ecisions regarding application of civil rules are reviewed for an abuse of discretion."); accord Plese-Graham, LLC v. Loshbaugh, 164 Wn. App. 530, 537-38, 269 P.3d 1038 (2011). In Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, the Second Circuit stated that an abuse of discretion standard applies to a "district court's application of the curative procedures set forth in that rule [FRCP 17(a)]" within the context of a motion to dismiss for lack of standing, which motion is reviewed de novo). 407 F.3d 34, 43 (2d Cir. 2005). The court noted that three other federal circuits have "uniformly held that abuse of discretion is the proper standard of review" to apply to whether dismissal is proper under the federal counterpart to our CR 17(a). Id.

[14] LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

[15] Brief of Respondents at 20-21; see also Respondents KeyWest Lock Service, Inc., Gregory Purcell and Jane Doe Purcell's Opening Brief at 6-7.

we need not decide that question. Rather, we assume, without deciding, that Palidor is a real party in interest for one or more of the three claims he asserts.[16] Accordingly, the issue is whether his failure to join Taylor, Dream on Futon, and Taylor's bankruptcy trustee supported the trial court's dismissal of the action.

CR 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." The real party in interest is the party "who possesses the right sought to be enforced" under the substantive law.[17] Generally, the real party in interest is "'the person who, if successful, will be entitled to the fruits of the action.'"[18] This doctrine acknowledges that there may be more than one real party in interest.[19]

In Northwest Independent Forest Manufacturers v. Department of Labor & Industries, Division Two explained the effect of not joining all real parties in interest for a particular action.[20] It stated, "If *all* such [real] parties [in interest] do

---

[16] See Young v. Young, 164 Wn.2d 477, 484-85, 191 P.3d 1258 (2008) (setting out the elements of an unjust enrichment claim); Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 37, 204 P.3d 885 (2009) (setting out the elements of a CPA claim); Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Group, Inc., 114 Wn. App. 151, 160, 52 P.3d 30 (2002) (setting out the elements of a civil conspiracy claim).

[17] Sprague, 97 Wn. App. at 176 n.2.

[18] Nw. Indep. Forest Mfrs., 78 Wn. App. at 716 (quoting 3A LEWIS H. ORLAND ET AL., WASHINGTON PRACTICE: CR 17, at 420 (1992)).

[19] Id. (citing 3A ORLAND, supra, at 425).

[20] 78 Wn. App. 707, 716, 899 P.2d 6 (1995) (emphasis added) (citing 3A ORLAND, supra, at 425).

6

not join in the same action, a defendant can object, but the defect will be waived in the event the defendant fails to act promptly."[21]

This effect is aligned with the purpose of CR 17(a). The purpose is "'simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'"[22] With that purpose in mind, construing CR 17(a) to require the joinder of all real parties in interest, as plaintiffs, makes sense. A defendant's timely objection to the lack of such joinder should subject the action to the same penalty—dismissal—as it would if the plaintiff is not a real party in interest.

Here, Palidor essentially concedes that Taylor and Dream on Futon are also real parties in interest in the way he describes his three claims.

For the restitution claim, Palidor gave the following response to Hovde's motion to dismiss: "The defendants knew full well that seizing Dream on Futon's business premises, books, and goods put Fred Palidor *and Nancy Taylor* in a position of yielding to their demands or watching her business of 28 years, and the goodwill generated along with it, be instantly destroyed."[23]

In discussing the CPA claim, Palidor explained in his opening brief to this court that the "[d]efendants behaved unlawfully and unfairly when they

---

[21] Id. (emphasis added) (citing 3A ORLAND, supra, at 425).

[22] Beal v. City of Seattle, 134 Wn.2d 769, 777, 954 P.2d 237 (1998) (quoting 3A JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 17.01[8] (2d ed. 1996)).

[23] Clerk's Papers at 159 (emphasis added).

trespassed on *Ms. Taylor's* leased premises, changed the locks, and locked-out her and her business."[24]

And Palidor gave the following explanation in his opening brief of the civil conspiracy claim: "It is unlawful to evict *Ms. Taylor and her business* from the premises without a court order or her consent. It is of course unlawful to use the leverage gained by that conduct in order to coerce payment of $10,000."[25]

Thus, in describing his three claims, Palidor effectively concedes that, at the very least, Taylor and Dream on Futon are also real parties in interest for the three claims. It is reasonable to apply these same principles to Taylor's bankruptcy trustee. Since Taylor was in bankruptcy at the time this action was commenced, the claims here are arguably property of the bankruptcy estate.

This conclusion is supported by the purpose of CR 17(a). If these parties are not joined in this action, Hovde and KeyWest could face a subsequent lawsuit with similar facts and claims. This would subvert the underlying purpose of CR 17(a).[26]

Because Taylor, Dream on Futon, and Taylor's bankruptcy trustee were not made parties to this case following Hovde's CR 17(a) objection, the question becomes whether the trial court properly exercised its discretion in dismissing the action.

---

[24] Appellant Fred Palidor's Opening Brief at 17 (emphasis added).

[25] Id. at 19 (emphasis added).

[26] See Beal, 134 Wn.2d at 777.

As Hovde argues, a related question is whether Palidor's failure to join the other real parties in interest was an "honest mistake." If so, the rule would require that the trial court give Palidor a "reasonable time" for joinder, substitution, or ratification.

## Honest Mistake

Hovde argues that the trial court did not need to give Palidor a reasonable time to join, substitute, or seek ratification because it was clear that Taylor, Dream on Futon, and Taylor's bankruptcy trustee, were real parties in interest. We agree.

The last sentence of CR 17(a) explains when a case may be dismissed if it is not prosecuted by the real party in interest:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.[27]

This court has described this sentence "as a restriction on the court's authority to dismiss, not as a grant of authority to dismiss."[28] This last sentence, however, generally applies "'when an honest mistake has been made in choosing the party in whose name the action is to be filed.'"[29] Thus, "'when the determination of the

---

[27] CR 17(a).

[28] Rinke v. Johns-Manville Corp., 47 Wn. App. 222, 226, 734 P.2d 533 (1987).

[29] Id. at 228-29 (quoting the Advisory Committee Note, reprinted in 39 F.R.D. 84, 85 (1966)).

right party to bring the action was not difficult and when no excusable mistake had been made, then the last sentence of Rule 17(a) [is] not applicable and the action should be dismissed."[30] "Courts have not given the [last sentence of CR 17(a)] a literal interpretation, which would make it applicable to every case where an incorrect plaintiff is named."[31]

The purpose of this part of the rule is to help "expedite litigation by precluding technical or narrow constructions from interfering with the merits of legitimate controversies."[32] Thus, the application of this portion of the rule is a discretionary determination to be made by the trial court.[33]

As discussed above, Palidor knew of the other real parties in interest and did not make an "honest mistake" by failing to join them as plaintiffs. Consequently, the last sentence in CR 17(a) does not apply to this case, and the trial court had the discretion to dismiss this action when it did.

Palidor argues that the supreme court rejected the "honest mistake" standard in Beal v. City of Seattle.[34] But this is a misreading of Beal.

---

[30] Sprague, 97 Wn. App. at 173 (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1555 (2d ed. 1990)); see also Rinke, 47 Wn. App. at 228.

[31] Sprague, 97 Wn. App. at 173.

[32] Id. at 175.

[33] See id. at 171; Stichting, 407 F.3d at 43.

[34] Appellant Fred Palidor's Reply Brief at 15-17 (citing Beal v. City of Seattle, 134 Wn.2d 769, 778, 954 P.2d 237 (1998)).

There, Beal was appointed as the guardian ad litem for three minor children after their mother was killed.[35] On the last day of the statute of limitations period, Beal, named as the personal representative of the decedent's estate, commenced a wrongful death action.[36] But Beal was not actually appointed personal representative, the sole party who could bring a wrongful death action, until three months after the complaint was filed.[37] The City moved to dismiss, claiming Beal was not actually the real party in interest when the complaint was filed.[38] Beal moved for a reasonable time to amend the complaint.[39] The trial court denied the motion because there was "no honest or understandable mistake" in failing to name the actual personal representative at the time the complaint was filed.[40]

In its review of the trial court's order, the supreme court considered "whether the 'inexcusable neglect' standard under CR 15(c) or the 'honest or understandable mistake' standard under CR 17(a), or both, should be applied when the amendment involves only a change in representative capacity to maintain the action . . . ."[41] The court concluded that the "honest mistake"

---

[35] Beal, 134 Wn.2d at 774.

[36] Id.

[37] Id. at 774-75.

[38] Id. at 775.

[39] Id.

[40] Id. at 775-76.

[41] Id. at 781.

11

standard should not be applied in that case, but it did not necessarily reject this standard all together:

> Application of the "inexcusable neglect" or "honest mistake" standard *to a change in representative capacity* undermines the goals, as well as the literal language of the rules. Although we recognize the potential for abuse in a literal interpretation of CR 17(a) if applied in every circumstance, we conclude that allowing an amendment where the *only change is a change in the capacity* (guardian ad litem as opposed to personal representative of the decedent's estate) in which the suit is brought, when there is no prejudice to the defendant, better meets the literal language of CR 17(a), as well as the purposes of CR 17(a) and CR 15(c).[42]

In Beal, then, the court carved out an exception to the "honest mistake" standard. The last sentence of CR 17(a) still applies even if there was no "honest mistake" if the mistake only resulted in a change in capacity.[43]

The present case does not involve a change in capacity or anything similar. Thus, the exception discussed in Beal does not apply here.

Palidor also argues that CR 17(a)'s goal of expediting litigation was not served by dismissing his claims. We disagree.

Palidor has prevented expeditious litigation by not joining all real properties in interest at the outset of the litigation without any reasonable explanation. Palidor knew of the existence of the other real parties in interest at the time he filed the complaint in December 2010.[44] Moreover, he knew of these

---

[42] Id. at 783 (emphasis added).

[43] Id.

[44] See Clerk's Papers at 148-49 ("Defendants engaged in multiple unfair or deceptive acts or practices in trade or commerce when they unlawfully took possession of the Premises from *Ms. Taylor and her company*, refused to return the Premises to *Ms. Taylor* unless she paid the Flax Trust $10,000.").

same entities when Hovde moved to dismiss in November 2011. Yet Palidor did nothing to cure the problem we now address. And at the hearing a month after filing and service of the motion, Palidor did not explain why he had not started taking such steps.

In his appellate briefing he explains that "he believed the court should, and would, deny the defendant's motion."[45] He claims he was "not at all certain that the court would accept the defendants' argument that the real party in interest was Nancy Taylor, since Fred Palidor's check was written to Dream on Futon, then simply endorsed over to defendants."[46] Counsel's assessment of how a court might decide a pending motion is not sufficient to avoid the effect of the rule. Consequently, the argument that the goal of expediting litigation was "thwarted" by the dismissal of his claims is not persuasive.

*Reasonable Time*

Even though the last sentence of CR 17(a) does not apply in this case, Hovde further argues that the trial court did not abuse its discretion in dismissing Palidor's case. We agree.

As noted above, under CR 17(a),

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed ***after objection*** for ratification of commencement of the action by, or joinder or substitution of, the real party in interest .
. . . [47]

---

[45] Appellant Fred Palidor's Opening Brief at 21.

[46] Id. at 22.

[47] (Emphasis added.)

Division Two held that the use of the word "objection" in this rule means that the defendant must take "a positive step to bring the matter before the court so that the mistake can be corrected."[48] A "positive step" includes a motion for summary judgment.[49]

Here, Hovde's motion for dismissal qualifies as an "objection" under CR 17(a). Palidor failed to make a formal motion seeking more time to substitute, join, or seek ratification from any other real party in interest in response to Hovde's motion. But Palidor asserted in his response to Hovde's motion to dismiss and at oral argument that if the court did not rule in his favor, he would need "time to either join Dream on Futon or Nancy Taylor in this litigation, or allow Fred Palidor to obtain ratification from them."[50] Thus, the issue of whether the trial court gave Palidor a reasonable time to substitute, join, or obtain formal ratification from a real party in interest before dismissing his claims is before us. We review the court's dismissal for abuse of discretion.[51]

Hovde's motion for dismissal was filed on November 4, 2011. The hearing on the motion was on December 2, 2011. As Hovde points out, Palidor had 28 days to join or seek ratification from Taylor, Dream on Futon, or the bankruptcy

---

[48] Fitch v. Johns-Manville Corp., 46 Wn. App. 867, 870, 733 P.2d 562 (1987).

[49] Id.

[50] Clerk's Papers at 158; see also Report of Proceedings (Dec. 2, 2011) at 20-21.

[51] See Sprague, 97 Wn. App. at 171; Stichting, 407 F.3d at 43.

trustee or begin this process. But he failed to do so. There is nothing that required him to wait until the outcome of the motion before taking action to comply with the rule following filing and service of Hovde's motion to dismiss. It was not manifestly unreasonable for the trial court to conclude that Palidor was given a reasonable time to join, substitute, or seek ratification, especially since the real parties in interest were easy to identify.[52]

Palidor argues that the "[m]odern rules of procedure are intended to allow the court to reach the merits, not to dispose of cases on technical niceties."[53] He cites James S. Black & Co. v. F.W. Woolworth Co. to support the assertion that "[m]isjoinder of parties is not ground for dismissal of an action."[54] But that case involved the application of CR 17(a) in the context of CR 21.[55] CR 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

While CR 21 liberally allows the addition of parties, CR 17(a), the rule at issue in this case, requires that an action be prosecuted by all the real parties in

---

[52] See, e.g., Fitch, 46 Wn. App. at 870 (concluding that a plaintiff acted within a "reasonable time" under CR 17(a) because she "promptly" obtained reappointment as personal representative so that she was the real party in interest for a wrongful death claim).

[53] Appellant Fred Palidor's Opening Brief at 21.

[54] 14 Wn. App. 602, 604-06, 544 P.2d 112 (1975).

[55] Id. at 605-06.

interest.[56] Here, Palidor failed to join or seek ratification from easily identifiable real parties in interest. Thus, dismissal under CR 17(a) was proper.

Palidor also contends that Taylor's declaration in support of his opposition to the motion to dismiss "could have been deemed an informal ratification of Fred Palidor's action, whether by Ms. Taylor personally, or by Dream on Futon, the business for which she is the sole owner and officer."[57] As the federal counterpart to CR 17(a) makes clear, this argument is not persuasive.

Because CR 17(a) is identical to the Federal Rule of Civil Procedure 17(a), we may look to federal authority for guidance and follow this authority if the reasoning is persuasive.[58] The Ninth Circuit explained that "[a] proper ratification pursuant to Rule 17(a) requires the ratifying party to: (1) authorize continuation of the action; and (2) agree to be bound by the lawsuit's result."[59] Here, Taylor's declaration described only the events of the lockout. This declaration is not a proper ratification under CR 17(a) because it does not satisfy these two requirements.

Finally, Palidor argues that this court should conclude that the trial court abused its discretion as the reviewing courts did in Sprague v. Sysco Corp.[60] and

---

[56] See Nw. Indep. Forest Mfrs., 78 Wn. App. at 716; Rinke, 47 Wn. App. at 225-28.

[57] Appellant Fred Palidor's Opening Brief at 22.

[58] See Beal, 134 Wn.2d at 777.

[59] Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 712 (9th Cir. 1992).

[60] 97 Wn. App. 169, 982 P.2d 1202 (1999).

Beal. In both of these cases, the reviewing court determined that the trial court abused its discretion by not allowing joinder, substitution, or ratification of the real party in interest.[61] But those cases involved a change in capacity.[62] This case does not. Taylor, Dream on Futon, and the bankruptcy trustee are entirely different parties than Palidor. Consequently, Hovde could face a subsequent lawsuit regarding similar facts and claims from Taylor, Dream on Futon, or the bankruptcy trustee. Thus, the trial court did not abuse its discretion in dismissing Palidor's claims.

## ATTORNEY FEES

Both Palidor and Hovde argue that they are entitled to attorney fees. We disagree.

Palidor requests that this court grant him costs and attorney fees under RCW 19.86.090 if he is successful on his CPA claim in this court or at the trial court. Because Palidor did not successfully bring an action under the CPA, he is not entitled to costs and attorney fees.[63]

Hovde requests that we grant him attorney fees because he contends that Palidor's appeal is frivolous. But this appeal is not frivolous.

---

[61] Beal, 134 Wn.2d at 783; Sprague, 97 Wn. App. at 180.

[62] Beal, 134 Wn.2d at 777 (addressing whether a plaintiff could amend his complaint to properly name the personal representative as plaintiff); Sprague, 97 Wn. App. at 179-80 (addressing whether a bankruptcy trustee could be substituted for the plaintiff-debtor).

[63] See Schmidt v. Cornerstone Investments, Inc., 115 Wn.2d 148, 163-64, 795 P.2d 1143 (1990) ("According to the act, a party who successfully brings an action under it is entitled to recover the costs of bringing the suit along with reasonable attorney fees and costs.").

An appeal is frivolous if it presents no debatable issues upon which reasonable minds could differ and there is no possibility of reversal.[64] In determining whether an appeal is frivolous, this court resolves all doubts in favor of the appellant.[65]

While we affirm the trial court's dismissal of Palidor's claims, this appeal is not so totally devoid of merit that there was no reasonable probability of success on appeal. We conclude that an award of fees is not merited.

We affirm the dismissal, with prejudice, of this lawsuit against all the defendants.

Cox, J.

WE CONCUR:

_____

---

[64] Schumacher v. Watson, 100 Wn. App. 208, 217, 997 P.2d 399 (2000).

[65] Streater v. White, 26 Wn. App. 430, 435, 613 P.2d 187 (1980).

## Palidor v. Hovde, No. 68112-5-I

LEACH, C.J. (concurring) — I concur in the result only.

_Leach, C.J._